vessel. (*Saxton* v. *Read,* Lalor's *Sup.* 323 ; *Kenzel* v. *Kerk,* 32 Howard P. R., 269.)

I, therefore, reach the conclusion, that the judgment should be affirmed with costs.

All for affirmance except LEONARD, C., not sitting.

Judgment affirmed.

NOTE.—The Court of Appeals, in *Sheppard* v. *Steele,* reported 4 Hand, 52, draws a distinction between maritime contracts, as in the principal case, for supplies, etc., to a vessel engaged in navigation, and contracts not maritime, as in that case, for work and supplies in the construction of a vessel not launched. It is there held that, in the case of the latter contract, the provisions of the Law of 1862 (the same act under consideration in the case of the *Josephine,* 39 N. Y., 19), do not conflict with admiralty jurisdiction and, to that extent, are not unconstitutional, but authorize the enforcement of the lien, by proceedings *in rem.* (See also *Brookman* v. *Hamill,* 4 Hand, 554.)—REP.

---

MICHAEL SEXTON, Respondent, *v.* XAVIER ZETT, Appellant.

Proof of the fact that the defendant dug a ditch across a public sidewalk, and allowed it to remain open in the night-time, with no provision for warning or protecting travelers, establishes negligence as matter of law, and a refusal to submit this question to the jury is no error.

Evidence of permission from the proper city authorities to open such ditch furnishes no defence, where the action is based upon negligence instead of upon a trespass.

(Argued January 12th; decided May 1st, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the fifth district, affirming a judgment rendered upon a verdict in favor of the plaintiff.

The action was brought to recover damages for a personal injury, sustained by the plaintiff by falling into a ditch, which the defendant had caused to be dug across the sidewalk of one of the streets in the city of Syracuse. The answer to the complaint was a general denial.

The defendant caused the ditch to be dug from his brewery to and across the sidewalk and into the center of the street,

to the depth of from eight to ten feet and some two feet wide at the bottom, and rather wider at the top, with a bank of earth on the north side of it, composed of material excavated from it, of the height of from one to four feet, and higher on the south side; and permitted it to remain open during the night without in any other way obstructing the approaches to it, and without any protection by lighting it or otherwise, to prevent persons passing along the sidewalk from falling into it.

The plaintiff, who was a stranger in the city, in passing from the north along the sidewalk, at about the hour of ten o'clock, in the night, fell into the ditch and broke his leg and otherwise injured himself, so that he had not recovered at the time of the trial.

The defendant was sworn as a witness in his own behalf and testified to the manner of constructing the ditch, and his counsel asked him if he had "got a permission of the alderman to cut through there;" to which the counsel for the plaintiff objected and the court excluded the testimony. The defendant's counsel excepted.

When the evidence was closed, the judge decided that the negligence of the defendant was established, and refused to submit that question to the jury; to which decision the counsel for the defendant excepted. But he submitted to the jury the question whether the plaintiff was guilty of any negligence which contributed to the injury that he sustained, and the jury found a verdict for the plaintiff for $2,250.

The judgment entered thereupon was affirmed at General Term.

*William J. Wallace,* for the appellant.

*D. Pratt,* for the respondent.

EARL, C. If upon the trial it had been claimed that the defendant was liable for cutting the ditch across the sidewalk, as a wrong-doer, irrespective of the question of negli-

gence, then it would have been proper for him to show that he cut the ditch by permission of the proper city authorities. But as it was claimed that he was liable upon the ground of negligence, it was wholly immaterial whether he had the permission of the city authorities or not ; and hence the court did not err in excluding proof of the permission. He could have no permission from the city authorities that would shield him from the consequences of his negligence.

It is a well settled rule that a person who interferes with a side-walk in a city and leaves it in a dangerous condition, is liable for injuries caused thereby, whether he knew it to be dangerous or not, and irrespective of any permission from the public authorities to do the work from which the injury arises. (*Creed* v. *Hartmann*, 29 N. Y., 591; *Congreve* v. *Smith*, 18 N. Y., 79; *Congreve* v. *Morgan*, 18 N. Y., 84; *Storrs* v. *City of Utica*, 17 N. Y., 104.)

The court committed no error in refusing to submit the question of defendant's negligence to the jury. In the case of *Storrs* v. *city of Utica*, *supra*, the court decided that if, in the course of a public improvement, it became necessary for the city corporation to make an excavation in a street, so as to render it unfit or dangerous to be traveled upon, it became the duty of the city to take measures, either by lighting the street or otherwise, to warn travelers of the danger. Here, there was a deep and dangerous excavation across the side-walk, left open in the night-time, and no precautions whatever were taken to warn travelers of the danger. From these facts negligence is necessarily shown or inferred, and there was nothing in reference to them to leave to the jury.

The judgment should therefore be affirmed with costs.

All concur.

Judgment affirmed with costs.