————o————

THE CITY OF LAFAYETTE *v.* BLOOD.

CITY.—*Negligence.—Coal Vault.*—It is not a negligent or wrongful act for a city to silently allow the owner of property abutting on a street to properly construct a coal vault under the sidewalk.

The City of Lafayette *v.* Blood.

SAME.—The city is not chargeable with negligence where the occupant of the premises using such vault leaves the opening of said vault, in the sidewalk, uncovered for a short time while engaged in putting coal into the vault, and where the city officials have not notice that it is uncovered.

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—The appellee sued the city for injuries received by her in December, 1869, from falling into an opening in the pavement of the sidewalk of one of the streets of the city, and recovered a verdict for five hundred dollars. In answer to interrogatories, the jury found the following facts: That the place in the city where the plaintiff received the injuries was in front of room number nine, Heath's block, North Fifth street; that it was between the hours of ten and twelve o'clock in the forenoon; that she was of the age of seven years, four months, and twenty-three days; that the opening in the pavement was about eighteen inches, and circular; that the injuries were not received through any defect in the construction of the sidewalk over the excavation; that the aperture had been uncovered for about three minutes before the plaintiff fell into it; that it was left uncovered by one Emmons, for the purpose of putting coal in the cellar, and he was at the time engaged in putting coal into the aperture; that the city had no previous notice that the aperture was uncovered at the time said plaintiff received said injuries. The special findings state also the nature of the injuries received by the plaintiff, and that they are not necessarily of a permanent character; that the only authority given by the city to any one for the making of the excavation under the sidewalk, etc., was by not prohibiting the same; that said excavation under the sidewalk was made by William P. Heath, in 1863, and that said Emmons was in the act of taking a box of coal out of the wagon to deposit the same in the opening, with his back to the opening when the injuries occurred.

The plaintiff moved the court to grant her a new trial, and pending that motion, the city, by its counsel, filed a paper in which it admitted that the answer to question eleven should

be understood and held to be with this qualification, that the city had no notice that the aperture was open at the time of the injury, except such as might be presumed from the fact that Emmons had opened the same; that Emmons was a tenant of Heath, the owner, and was in the occupancy as such tenant of the premises abutting on the sidewalk in which the aperture existed.

The court overruled the plaintiff's motion for a new trial.

The defendant then moved the court for judgment in its favor on the special findings, notwithstanding the general verdict. This motion was overruled by the court, and the defendant excepted. The court then rendered final judgment for the plaintiff for the amount found by the jury.

The city appealed, and has assigned for error the overruling of her motion for judgment on the special findings, and the improper rendition of judgment for the plaintiff. The question is purely a legal one. Is the city liable upon the facts? It cannot be claimed that it was a negligent or wrongful act on the part of the city to silently allow the owner of the property in question to construct or make the improvement in question. Such improvements are believed to be common in all cities. The jury expressly found, in answer to the seventh question put to them, that the injuries were not received through any defect in the construction of the sidewalk over the excavation. If there was negligence which caused the injury to the plaintiff, it was in the act of leaving the opening in the sidewalk uncovered at a time when persons were passing over the sidewalk. Conceding that Emmons was guilty of negligence in leaving the aperture uncovered, does that negligence of his render the city liable for the consequences? The aperture had been open only three minutes when the accident occurred. There is no claim that any city official had notice of its being uncovered. Is the city liable at all events, whether it had notice of the fact or not? We think it is not. It was held, in *Hart* v. *The City of Brooklyn*, 36 Barb. 226, that a municipal corporation is not liable in damages to an individual for in-

juries caused by an opening in a sidewalk, made by an owner of the soil or the adjacent land, without proof of notice of the insufficiency or defect and neglect to cause it to be remedied.    It was also held that the notice to the public authorities of such defects, etc., not occasioned by their own acts, must be express, or the defects must be so notorious as to be evident to all who have occasion to pass the place or observe the premises.   This case is cited and approved in 2 Hilliard Torts, 407.   To the same effect are the cases of *Dewey* v. *The City of Detroit*, 15 Mich. 307, and *McGinity* v. *The Mayor of New York*, 5 Duer, 674.  See, also, *Howe* v. *Plainfield*, 41 N. H. 135, and *Griffin* v. *The Mayor, etc., of New York*, 5 Seld. 456.   The last two cases relate to streets, but the principle applied is the same.

We think that the Common Pleas should have sustained the motion of the defendant for judgment in its favor on the special findings of the jury.

The judgment is reversed, with costs, and the cause remanded, with instructions to render judgment on the special findings for the defendant.

*W. D. Wallace, J. R. Coffroth*, and *T. B. Ward*, for appellant.

*S. A. Huff, B. W. Langdon, J. S. Pettit*, and *R. P. DeHart*, for appellee.