The court at General Term held :
“ Inasmuch as the defendants failed to comply with a city ordinance requiring them to erect safeguards about holes of the character of those proved in this case, their failure to do so was alone sufficient evidence of their negligence, to demand the submission of this case to the jury, so far as that matter is concerned. • But without the ordinance, the fact that they left such holes without barriers, in a crowded thoroughfare, in constant use, under the circumstances proved in this case, was at least evidence to submit to the jury to say whether or pot the defendants were negligent. That they were authorized to dig the holes by the charter of the elevated road and by a permit from the city authorities, does not effect this question (Sexton v. Zett, 44 N. Y. 430; Clifford v. Dam, 81 Id. 52).*
“ The plaintiff had a right to use that street. He was going down as he had a right to do. He was proceeding upon a walk. He was on the lookout for danger from the holes. He had a right to assume that the ice cart would keep its own side and would yield to him his right of the road. If the driver of the ice cart was guilty of negligence, as it seems he was, in keeping too far to the left, his negligence cannot be imputed to the plaintiff. The law will never hold it imprudent in any one to act upon the presumption that another in his conduct will act in accordance with the rights and *526 duties of both (Newson v. N. Y. C. R. R., 29 N. Y. 383 ; Harpell v. Curtis, 1 E. D. Smith, 78 ; Ernst v. H. R. R. R. Co., 35 N. Y. 9). The plaintiff might perhaps have acted with more discretion than he did, in the flurry of the excitement attendant upon an impending danger, but even if that were clearly so, it could not be considered contributory negligence such as would defeat a recovery. The error book presents no evidence showing that the plaintiff either did or omitted to do anything which can, ás a matter of law, be considered contributory negligence. That his acts, some of them, would perhaps have justified a jury in finding contributory negligence, is not enough. These acts were capable of a different construction. It was, therefore, for the jury, and not the court, to determine which view should be adopted (Thurber v. Harlem R. R. Co., 60 N. Y. 326, 330 ; Lyman v. Inhabitants of-, 107 Mass. 339 ; Hill v. Sekonk, 109 Id. 85; Stone v. Hubbardston, 100 Id. 49 ; Keller v. Fond du Lac, 31 Wis. 180).
T. J. & R. F. Tilney, for appellant.
W. C. Traphagen, for respondents.
Opinion by Horace Russell, J. ; Freedman, J., concurred.
Judgment reversed; new trial ordered; costs to appellant to abide event.

 See Irvine v. Wood (51 N. Y. 224 ; 5 Robt. 483; 4 Id. 138), which differs from the case at bar, inasmuch as there was in that case no’ legislative authority for the interference with the highway.