# THOMAS v. THE TOWN OF BROOKLYN.

1. **Municipal Corporations**: DEFECTIVE SIDEWALKS: AMENDMENT. An amendment to the petition, conforming the allegations thereof to the proofs in the case, and made after all the evidence was introduced at the trial, was properly allowed.

2. ———: INSTRUCTIONS: PRACTICE. The refusal to give an instruction expressing substantially the same rule embodied in another instruction given, was not error.

3. ———: ———: LIABILITY FOR INJURY. A city or town is bound to maintain the sidewalks in a reasonably safe condition, and cannot escape liability for an injury, caused by a defective sidewalk, upon the probability or expectation that no one acquainted with the defects would pass over it.

4. ———: MARRIED WOMEN: DAMAGES: LOSS OF TIME. In an action for personal injuries, a married woman cannot recover damages for loss of time, in her own name, unless she was prosecuting a business in her own right separate from her husband.

*Appeal form Poweshiek Circuit Court.*

TUESDAY, JUNE 6.

ACTION to recover for personal injuries sustained by plaintiff, from a fall while passing along one of the streets of the defendant, caused by a defective sidewalk. There was a verdict and judgment for plaintiff. Defendant appeals.

*W. M. McFarland, Haines & Lyman,* for appellant.

*John F. Scott,* for appellee.

BECK, J.—We will consider the objections to the judgment of the Circuit Court, in the order we find them presented in the printed argument of defendant's counsel.

After the testimony had been all introduced at the trial, the plaintiff was permitted to amend her petition in that part 1. MUNICIPAL wherein the cause of her fall was described. The corporations: defective original petition alleged that a loose board gave sidewalks: amendment. way, thereby causing plaintiff's foot to slip into a

hole in the sidewalk. The amended petition conforming to the proof omits the allegations about the loose board, and avers that the walk " was not firm and was sprung from the ground," which caused the fall. Without stopping to inquire whether the variance between the proof and allegations of the original petition really demanded the amendment, or whether the amendment changed the issues, but admitting for the purpose of the case, each proposition, we are of the opinion that the amendment is authorized by the statute, which is most liberal in permitting amendments to pleadings at any time. Code, § 2689–2692. If after the amendment, defendant was not 'prepared to submit the cause to the jury, a continuance would have been allowed at the cost of plaintiff, if it had been made to appear that defendant was surprised, or was not prepared to meet the issue raised by the amendment. But defendant made no claim of surprise and did not inform the court that it could not safely proceed with the trial. It cannot after having remained silent then, insist now that it was prejudiced by the amendment.

II. The defendant asked the court to give two instructions, the 2d and 7th, directing the jury in substance that to 2. ——: instruction : practice. authorize plaintiff to recover, the defect in the sidewalk must have been of such a character that a man of ordinary prudence would have regarded it as dangerous. The thought of the instruction is that defendant ought not to be held liable for trivial defects, but from such only as an ordinarily prudent man would regard dangerous. The court in an instruction directed the jury in effect that defendant was to be held liable only in case the sidewalk was not reasonably safe for persons passing upon it. Now it is very plain that a sidewalk that is not reasonably safe would be regarded as dangerous by a man of ordinary prudence. The language of the instructions, both given and refused, appears to us to hold defendant liable only in case the sidewalk was not reasonably safe. The court, therefore, did not err in refusing the instruction asked by defendant, as sub-

stantially the same rule it presents, is embraced in the one given.

III. The defendant asked the court to instruct the jury that in determining defendant's liability, they should inquire whether persons unacquainted with the walk were likely to travel over it, thus making the frequency of its use a circumstance to be considered upon the question of defendant's care. The sidewalk was upon a public street, open to all for travel. All the inhabitants of the town, and strangers visiting it, had the right to use the sidewalk. It surely could not be found that persons not acquainted with the condition of the walk would not probably travel over it. And should such a probability exist, defendant was bound to maintain the sidewalk in a reasonably safe condition, for the protection of such persons as might possibly use it contrary to the assumed probability. The town could not maintain a dangerous public highway and escape liability, on the ground of the expectation or probability that no one unacquainted with its defects would pass over it.

*3. ——:——: liability for injury.*

IV. The court in two instructions, the 3d and 4th, directed the jury that defendant was chargeable with notice of the defect in the sidewalk, if it was "so notorious as to be observable by all." The defendant's counsel insist that the rule is this: "The defect must have been apparent to passers by, and must have existed so long that the officers with reasonable care would have known it."

In our opinion the instruction given announces a rule more favorable to defendant than the rule insisted upon by counsel. It requires that the defect should be known to all beyond denial, and that it had existed for such a time that it would be so known. The rule expressed by counsel is not so broad. The instructions complained of are more favorable to defendant than instructions approved in *Rice v. City of Des Moines*, 40 Iowa, 638; *Doulon v. City of Clinton*, 33 Iowa, 397.

V. The Circuit Court, in the 10th instruction, directs the

Thomas v. The City of Brooklyn.

jury that, if they found for plaintiff, they should in their verdict allow her for the loss of time she would sustain, both before and after the trial, on account of the injuries she suffered. Under this instruction the jury was directed to allow plaintiff for the damages resulting from her loss of time, without finding that she was entitled to recover such damages on the ground that she was prosecuting a business separate from her husband. If she had no such business, and was, as a married woman, engaged in no employment other than in the discharge of the ordinary duties of a wife, she was not, under the law, entitled to recover in an action in her own name for loss of time. Whether she was engaged in a separate business, in her own name, was a question for the jury. There was evidence upon this point, and the court should have directed them to find thereon according to the fact, and render their verdict in harmony therewith. But the instruction authorizes a verdict for plaintiff, even though the jury should find that plaintiff was engaged in no separate business. It is therefore erroneous.

Other questions discussed by counsel need not be considered. For the error committed by the Circuit Court in giving the 10th instruction the judgment must be

REVERSED.