DAY v. THE CITY OF MT. PLEASANT.

1. **Cities and Towns:** CELLAR-WAYS ON SIDEWALKS: PERSONS FALL-ING THEREIN: NEGLIGENCE: QUESTION FOR JURY. The construction of ways in the sidewalk to cellars in adjacent buildings in cities and towns is not forbidden by law, and the doors thereto may lawfully be opened both in the day-time and night-time. If, when open, they are sufficiently conspicuous to be seen by a pedestrain using the sidewalk, in the exercise of proper diligence, or are sufficiently lighted in the night-time to disclose the danger to such person, the mere omission to have barriers around them is not *per se* evidence of negligence which, as matter of law, creates liability, but the question of negligence in such a case is one for the jury to determine in the light of all the circumstances.

2. ———: ———: LIGHT AT NIGHT: SPECIAL INTERROGATORY. In an action by one who fell into such a cellar-way in the night-time, the defendant requested the court to submit to the jury the following inter-rogatory: " Was there sufficient light upon or at the cellar opening in question, at the time of the alleged injury, to enable a person with ordinary sight, and using ordinary care, to see the cellar opening." *Held* that it was error to refuse to submit the interrogatory.

*Appeal from Henry District Court.*

TUESDAY, DECEMBER 7.

ACTION to recover damages for personal injuries sustained by plaintiff from falling into a cellar-way constructed in the sidewalk of one of the principal business streets of defendant. The cause was tried to a jury, and a judgment upon a ver-dict for plaintiff was had. Defendant appeals.

*T. A. Bereman,* for appellant.

*Woolson & Babb,* for appellee.

BECK, J.:—I. The petition for a cause of action alleges that defendant negligently permitted the owner of a business building used for a store to construct a way to a cellar under the building, which occupied a part of the sidewalk, and had " no railing or guard or protection " to prevent persons from falling therein, except wooden doors, which were

1. CITIES and towns: cellar-ways on side-walks: per-sons falling therein: neg-ligence: question for jury.

70 193
114 627
70 193
e124 391
70 193
137 206

sometimes open, and at other times closed, of which plaintiff had no knowledge; and that plaintiff, while walking upon the sidewalk, in the exercise of care, fell into the cellar-way, and received severe and permanent injuries from the fall. Defendant's answer denies the allegations of the petition, and alleges that the cellar-way is necessary for the reasonable use of the building under which the cellar was constructed, and that the doors are such as are commonly used for cellar-ways found in the sidewalks elsewhere in the city, and in other cities. It is also alleged that plaintiff contributed to his own injury by want of care.

II. The circuit court, in an instruction to the jury, in effect holds that defendant would be guilty of negligence if the door was at the time "unfenced, and without any guard." The same thought, to some extent, is repeated in one or two other instructions. We understand that the court held that defendant, as a matter of law, should be held guilty of negligence, if the jury found that there were no barricades, fences, or other protection around the door when opened; thus determining, as a matter of law, that the omissions contemplated in the instruction constituted negligence. We think the instructions are erroneous. The question of negligence is often purely a matter of law, as where an act, under all conditions, would inevitably result in danger or injury to the party who is exposed to the consequences of the act, or suffers therefrom. But if the act may or may not result in injury, depending upon circumstances or conditions, whether it be negligent is a question for the jury to determine. In this case it cannot be said that the absence of barricades or fences about the door would, under all circumstances, be dangerous. The distance the door projects into the sidewalk, the course of travel of pedestrians using the sidewalk, whether near or away from the door, the width of the sidewalk, and other things, would determine whether it was negligence to omit the protections contemplated in the instruction. These were matters for the consideration of the jury,

who were authorized to determine, upon all the facts, whether defendant was negligent because of the absence of the barricades, or other protections, around the door.

We know of no rule of law which forbids the construction of ways in the sidewalk to cellars under adjacent buildings. If they may be constructed, they may be used, and, of necessity, the doors may be opened, both in the day time and night time. If, when open, they are sufficiently conspicuous to be seen by a pedestrian using the sidewalk, in the exercise of proper diligence, or are sufficiently lighted in the nighttime to disclose the danger to such person, it cannot be held that the mere omission to have barriers around them is *per se* evidence of negligence which, as a matter of law, creates liability. It will therefore be readily seen that it is for the jury to determine, in the light of all the circumstances, whether the leaving of a cellar door, upon a pavement, open is negligence.

We think the cases cited by counsel for plaintiff, which, we understand, are claimed to support the instructions under consideration, do not go to that extent. They simply hold that cities are liable for injuries resulting from open cellar doors in sidewalks, where they are not guarded or lighted in any manner. It cannot be inferred that they hold that liability exists, if the passer-by was in any manner warned of the danger. We discover no other errors in the court's rulings upon instructions to the jury.

III. Many questions were, upon the request of defendant, submitted to the jury for special findings of facts. The defendant asked that the following questions be in the same manner submitted, which was refused: "Was there sufficient light upon or at the cellar opening in question, at the time of the alleged injury to the plaintiff, to enable a person, with ordinary sight, and using ordinary care, to see the cellar opening?" We have seen that, in one aspect of the case at least, the fact here sought to be elicited was important, and it cannot be doubted that it was

2. ——: ——: light at night: special interrogatory.

important upon the issue involving plaintiff's care.   Were
the doors so lighted at the time of the accident that plaintiff
in the exercise of proper care, could have seen it, he could
not have been held free from contributory negligence.   The
question should have been submitted with the others to the
jury.   The defendant had the right to demand its submission.
Code, § 2808.   The court erred in refusing it.

Other questions in the case, involving the admissibility
and effect of the evidence, need not be considered, as they
may not again arise upon another trial of the case.   For the
same reason, we are not required to consider a motion made
by defendant to strike from the files a copy of the ordinance
of defendant.

For the errors pointed out, the judgment of the circuit
court is

                                          REVERSED.