JOSEPHINE STEPHENSON, RESPONDENT, v. EQUITABLE GAS-LIGHT COMPANY OF NEW YORK, APPELLANT.

*Contributory negligence — care required of a foot passenger in passing along a sidewalk in which a trench has been dug.*

A corporation had dug a trench a foot deep and a foot and a half wide across a sidewalk, of which the two flags nearest to the curb had been taken up in making the trench, but the third and innermost flag was not disturbed, leaving over it a passage-way for the public.

*Held*, that a foot passenger, who approached the trench in the day-time and attempted to step across it, instead of walking upon the undisturbed flag, and was thrown back into it, as alleged, by reason of her stepping upon the handle of a tool lying under the excavated soil, was guilty of contributory negligence and could not recover against the corporation.

APPEAL by the defendant, the Equitable Gas-Light Company of New York, from a judgment, entered, on the 18th day of October, 1890, in the clerk's office of the county of New York, in favor of the plaintiff, after a trial at the New York Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $2,000.

*F. R. Coudert*, for the appellant.

*Edwin R. Leavitt*, for the respondent.

Daniels, J.:

The verdict was recovered for the sum of $2,000 for damages to the plaintiff in falling into a trench on or about the 12th of November, 1887. She was passing easterly on the southerly side of Little Twelfth street, in the city of New York, and this trench had been opened to connect a building fronting upon the street with the gas main in the street. The trench is stated to have been from a foot to fourteen inches deep, and the plaintiff, in her testimony, states the apparent width to have been not to exceed one and a half feet. It was opened and closed the same day. As the plaintiff approached it from the west she saw the trench and stepped across it, when, as she states, her foot struck upon a bar or shovel-handle under the dirt which had been thrown out on the easterly side, and she fell back into the trench, receiving the injury for which the verdict was recovered. Nothing existed, as she approached the trench, to obstruct it from her immediate view. And the sidewalk at that point consisted of three rows of flagging, two of which had been removed, but the inside or farthest flagging from the street had not been taken up. There was nothing whatever to obstruct the appearance of the situation to any person approaching the trench as the plaintiff did. Her testimony was that she approached it upon a natural gait, and that there was no other passage-way without going into the street. She was then interrogated whether there was not a passage between the end of the trench and the stoop line, and testified that she did not know. Also that she did not notice there was any danger, and, in fact, did not think anything about it. She added: "I was not paying any attention to the trench; I was anxious to get home, and I was going about my business; I didn't expect to get hurt when I left the house in the morning." And no controversy arises upon the evidence as to the inside flagging affording a safe and sufficient means for persons passing and repassing along the sidewalk. At the close of the proof an application was made to the court to direct a verdict for the defendant, but this was denied, and an exception was taken.

The manner in which the plaintiff approached and endeavored to cross the trench without first observing whether that would become necessary or not, and thereby subjecting herself to the risk of an accidental misstep, indicated an indisposition upon her part to obtain

anything like a knowledge of the situation of things at this locality. She did not endeavor to discover whether any avenue existed for avoiding the trench, but passed immediately to it, and endeavored to step across it, and thereby met this accident.   The entire condition of things was in plain sight, capable of being observed at a glance if a desire existed or any effort had been made to avoid this trench.   In this respect the case in *its* leading circumstances appears to be quite similar to that of *Welch* v. *Wilson* (101 N. Y., 254). There the defendant had extended a pair of skids from the steps of his store to a truck across the sidewalk, and the plaintiff turned towards the store and attempted to pass around the skids, in doing which she slipped and was injured.   And it was held by the court that she was chargeable with negligence and could not maintain an action to recover damages for the results of the injury.   The present case is still more favorable to the defendant, for a sufficient avenue had been preserved by it to enable persons passing along the sidewalk to use it with the utmost safety and freedom from all personal risks.   And yet the plaintiff, by her indifference to the situation, failed even to notice this fact, or to avail herself of the means of safe passage in this manner secured.   In this respect the case differs from those which have been brought to the attention of the court where obstacles in the highway and upon sidewalks were encountered in the night-time, or under circumstances from which an accurate knowledge of the situation could not be at once obtained.   The case more especially applicable to the consideration of the point here, presented is that of *Pomfrey* v. *Village of Saratoga Springs* (104 N. Y., 459), where, in the daytime, the plaintiff was injured by endeavoring to pass over a ridge of ice extending from the inside to the outside of the sidewalk.   This ridge was about three feet in thickness above the surface of the ground and two and one half above the snow upon the sidewalk.   But in that case there appeared to be no other means of passing over the locality, and in that respect it became a necessity for persons using the sidewalk to attempt to pass over this ridge.   If a passage-way had been cut into the embankment of ice affording a level surface and a sure means of avoiding it, and escaping the risk of injury, and then a person had undertaken to cross outside of that passage-way over the embankment itself, a question similar to that presented in this case would

then have arisen. But that was not the fact, and its omission from that case distinguishes it in principle from the present action. For here such a means of passage had been retained, and was accessible for use, readily discoverable to all persons making even a casual use of their eye-sight before attempting to cross this trench. Some care, certainly, was required on the part of the plaintiff to avoid the needless exposure of herself to the risk of stepping across the trench. That care was not observed, and it was sufficient to charge her with negligence contributing to the production of the injury. And a verdict consequently should have been directed, as that was requested, in favor of the defendant.

The judgment should be reversed and a new trial ordered, with costs to the defendant to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed and new trial ordered, with costs to the defendant to abide event.