## LOUIS LOUTH and ELLA LOUTH vs. JOHN THOMPSON.

*Damages for Personal Injuries—Husband and Wife—Evidence—*
*Motion for a Non-Suit Refused—Negligence—Contributory*
*Negligence.*

1. In an action on the case by a husband and wife jointly for personal injuries to the wife, proof of any expenses incurred by reason of said injuries, or of loss of the wife's services to the husband resulting therefrom, is not admissible.

2. In such action the burden is upon the plaintiff to satisfy the minds of the jury, by a preponderance of evidence, that the negligence. if any, which caused the injury was the fault of the defendant,

3. If the defendant's negligence be proved and he seeks to avoid liability therefor, upon the ground of contributory negligence on the part of the plaintiff, then the defendant must must show such contributory negligence on the part of the plaintiff by a like preponderance of proof, or the plaintiff will be entitled to a verdict in his favor.

4. The respective rights of the traveling public and of the owners and occupiers of property abutting upon the public streets of cities defined.

5. A person whose cellar doors extend out in the sidewalk, has a right to open his cellar doors and to keep them open so as to meet the reasonable convenience and necessities of his business, but he has no right to leave them open and exposed while not so in use, without proper protection and warning to persons traveling on the sidewalk. He is required by law to properly guard said cellar doors when open.

6. Any act or obstruction of the street that unnecessarily incommodes or impedes its lawful use by the public is a nuisance,

7. The foot traveler on the pavement is only bound to exercise such care and diligence as an ordinarily careful person would reasonably exercise under all the circumstances of the case. It is not his duty to be searching for holes or obstructions in the street as he is walking along, but he has a right to presume that there is no dangerous impediment or pitfall in any part of it, without a light placed to give warning of it or suitable railing to protect it, or some other proper and reasonably safe guards placed about it.

8. In dealing with the question of contributory negligence, the jury should consider the knowledge or familiarity of the plaintiff with the place of the accident, the lights and its surroundings at the time ; whether it was in the shadow or in the light, the warning or notice plaintiff had, if any, and any and every circumstance that the evidence gives, bearing upon the point, whether at the time of the accident the plaintiff was negligent or was exercising such reasonable care as an ordinarily prudent and careful person would exercise under like circumstances.

9. So as to the negligence of the defendant, the jury may consider

whether he or his servants left the cellar door open on the night of the accident, when it was not in use and when it should have been shut, and without proper protection. The mere fact that the accident happened or that the cellar door was open are not in themselves evidence of negligence.

10. The measure of damages in such case would be such a reasonable sum as would compensate the plaintiff for the injuries of the wife, and for her pain and suffering in the past, and such as may come in the future resulting from the accident, and for such permanent injuries as from all the evidence the jury may believe she sustained by the accident.

*(December 14, 1897.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*John H. Rodney* for plaintiffs.
*Alexander B. Cooper* for defendant.

Superior Court, New Castle County, November Term, 1897.

ACTION on the case (No. 250 to Feb. T., 1896,) for injuries alleged to have been inflicted upon the plaintiff, Mrs. Ella Louth, by reason of falling through an open cellarway, on Delaware Street, in the City of New Castle, the defendant being the tenant of the premises.

The other facts sufficiently appear in the charge of the Court.

At the trial, Mr. Rodney having proved certain facts as to the accident and its effects upon her and the treatment which she received from her physician at home, and his recommendation that she go to a hospital; asked Mrs. Louth what the charges were to her at the hospital.

*Mr. Cooper*, for the defendant, objected: This being a suit brought by the husband and wife, all expenses for attendance, nursing, medicine, doctors bills, loss of service and all things of that nature, are the husband's loss and not the wife's, and it is for him to recover from the defendant those expenses in another action, and they can not be recovered in the present suit.

*King vs. Thompson and Wife, 87 Penna. State, 365; Chitty on Pleading, 72; 93 Penna. State, 234; 61 Maryland, 74; 14 Ind., 557; 67 Iowa, 508.*

*Mr. Rodney*, for plaintiffs, contended that under the statute law of this State, the wife could make contracts for herself as if were a *feme sole;* that this hospital expense was contracted by the wife without any knowledge on the part of the husband; that it was an obligation of the wife which she had not yet discharged to the hospital, and that therefore it could be recovered in this action.

The Court, after holding the matter up until the afternoon session, sustained the objection.

LORE, C. J:—This question, to my knowledge has previously been before the Court and decided since I have been on the bench. Unquestionably this is an action at common law for injuries. The rule upon the point is very well laid down in *1 Chitty*, *73:

"When an injury is committed to the person of the wife during coverture, by battery, slander, &c., the wife cannot sue alone in any case; and the husband and wife must join if the action be brought for the personal suffering or injury to the wife, and in such case the declaration ought to conclude to their damage, and not to that of the husband alone; for the damages will survive to the wife if the husband die before they are recovered. Care must be taken not to include in the declaration by the husband and wife any statement of the cause of action for which the husband alone ought to sue; therefore, after stating the injury to the wife, the declaration ought not to proceed to state any loss of assistance, or expenses sustained in curing her. If the battery, imprisonment, or malicious prosecution of the wife, deprive the husband for any time of her company or assistance, or occasion him expense, he may and ought to sue separately for such consequential injuries."

We think you cannot offer evidence upon that point. Our ruling does not touch anything that goes to show the extent of her injuries, but simply goes to the expenses that were incurred by reason of the accident and for the loss of service to the husband.

At the conclusion of the plaintiff's testimony, Mr. Cooper, for defendant, moved for a non-suit on the ground that the proof disclosed that the plaintiff was guilty of contributory negligence.

LORE, C. J:—We think the non-suit ought to be refused. You base your motion for non-suit substantially upon the fact that the plaintiff's own testimony shows clearly contributory negligence on her part. We think that is a question for the jury, whether under all the circumstances of this case she exercised such reasonable care as a reasonably prudent person would be required to do in using a public street. While a person has the privilege to extend his cellarway out into the street, it is only for certain uses; not to keep it open.

### PLAINTIFFS' PRAYERS.

*First.* Public streets and alleys are presumed to be free from obstructions and holes, and want of care is not to be presumed on the part of one injured by the same.

*Barnes vs. Ward, 67 E. C. L., 417; Durant vs. Palmer, 24 New Jersey, 544; McGuire vs. Spence, 91 New York, 305; Jenning vs. VanSchaick, 108 N. Y., 531; Davenport vs. Ruckman, 37 N. Y., 578; Howard Co. vs. Lee, 110 Indiana, 483; Turner vs. City of N. Y., 109 N. Y., 305 and 307.*

*Second.* In case of injury to a stranger by reason of an excavation or hole in the sidewalk adjoining a public road or highway, the tenant of the premises is liable.

*Beven on Negligence, 487 and 490; Ray on Negligence, 41 and 108; Picard vs. Smith, 100 E. C. L., 470; City of Lowell vs. Spalding, 4 Cush., 277; Jennings vs. VanSchaick, 108 N. Y., 830; Durant vs. Palmer, 29 New Jersey, 544.*

*Third.* Persons who without authority make or continue an excavation or opening in a public street or highway for a private purpose are responsible for all injuries to individuals resulting from the highway being less safe.

In this case it is contended the leaving the cellarway open was without authority and brings it within the following cases:

*Congreve vs. Smith, 18 N. Y., 79; City of Portland vs. Richardson, 54 Maine, 46; Stephani vs. Brown, 40 Ill., 433.*

*Fourth.* Assuming that the right to have an aperture in the highway has been granted by the proper authority, yet the occu-

pier of the premises must use proper precautions to protect travel-ers from injury by it.

*Ray on Negligence, 108; Sherman and Redfield on Negligence, 360 and cases cited.*

*Fifth.* Even if permission be given by the Municipal or proper authorities yet such consent being conditioned upon certain modes of use, if the opening is left unguarded it becomes a nuisance; and negligence of the defendant is established.

*Jennings vs. VanSchaick, 108 N. Y.,531; Lexton vs. Zett, 44 N. Y., 430; Beatty vs. Gilmore, 16 Penna., 463.*

*Sixth.* The plaintiff was only bound to use ordinary care and prudence and was not required to seek her way with eyes to the ground, but had a right to presume that the street was in proper condition.

That the plaintiff was bound only to use such care as an ordinarily prudent person would exercise under like circumstances. That if there was necessity, the plaintiff was entitled to the full width of the public highway unobstructed, and if the jury believe from the evidence, that the plaintiff stepped upon this door (especially where the same was raised but a few inches from the pavement) in the proper prosecution of her journey to escape a crowd, in other words was pressed to the wall, and that the whole transaction was instantaneous, she is not guilty of negligence contributing to the accident.

*Beatty vs. Gilmore, 16 Penna., 463; Jennings vs. VanSchaick, 108 N. Y., 530. Durant vs. Palmer, 29 New Jersey, 544; McGuire vs. Spence., 91 N. Y.,305.*

*Seventh.* If the verdict should be for the plaintiffs it would be for such reasonable sum as will compensate the plaintiffs for the injuries of the wife, and for her pain and suffering in the past and such as may come in the future resulting from the accident; and for such permanent injuries as from all the evidence the jury may believe she has sustained by the accident.

## DEFENDANT'S PRAYERS.

The defendant prayed the Court as follows:

*First.* The burden of proof is on the plaintiff to show by a preponderance of the evidence, the negligence of the defendant.

*Second.* The plaintiff was bound to use ordinary care under all the circumstances.

*Third.* Cellar doors constructed and used under a city ordinance are lawful, and not evidence of negligence *per se.* They are necessities of city life, and to make defendant liable some positive or culpable negligence in leaving the door open must be shown.

*Jones on Neg., Mun. Corp., 149, 150, 184, 188; King vs. Tohmpson, 87, Penna. State, 365; 50 Conn., 530; 40 Ind., 62; 70 Iowa, 193; 144 N. Y. Appeals, 283.*

*Fourth.* The mere accident itself, or the abstract fact of the cellar door being open, is not negligence *per se.*

*Fifth.* The defendant was only bound to use reasonable care in using the cellar door for the purposes for which his business required.

*3 Houst., 447; 4 Houst., 447 and 489.*

*Sixth.* The greatest negligence on the part of the defendant will not excuse the slightest fault or negligence of the plaintiff. If she was guilty of contributory negligence she cannot recover. If she voluntarily stepped upon the door, she was informed of at least possible danger and did it at her risk.

If there was sufficient light to see, and she did not look and pay attention to where she was going, she is guilty of contributory negligence, or if she could have reasonably avoided the accident in any way.

*87 Penna. State, 365; 71 Iowa, 654; 66 Iowa, 725; 69 Ind., 33; 54 Iowa, 717; 137 Penna. State, 42.*

*Seventh.* Previous knowledge by the plaintiff of the *locus in quo.*, is evidence of negligence.

*44 Hun., 44; Beach on Con. Neg. Sec. 36-37.*

*Eighth.* Where one chooses a dangerous way when there is a safe one, and is injured she cannot recover.

*61 Iowa, 103; 60 Hun., 77.*

*Ninth.* The plaintiff being a married woman no damage can be recovered except for the actual injury received, only for

what is the direct and immediate result of the accident itself.

*8 Houst., 450; 67 Iowa, 508; 58 Iowa, 438; 87 Penna. State, 365.*

*Tenth.* The jury are the exclusive judges of the facts.

LORE, C. J., charging the jury;

Gentlemen of the jury:—This is an action on the case, brought by Louis Louth and Ella Louth, his wife, the plaintiffs, against John Thompson, the defendant, to recover damages for personal injuries to the plaintiff's wife.

It is claimed by the plaintiff, that on the night of Saturday the tenth day of March, 1894, while the wife plaintiff, Ella Louth, was lawfully and properly using the sidewalk, in front of the grocery store and dwelling house of the defendant Thompson on Delaware Street in the city of New Castle in this county, which street was a public highway, that she without negligence on her part, in passing from the defendant's store upon the sidewalk fell into the open door of the defendant's cellarway; which cellarway occupied a part of the sidewalk, the door of which was negligently left open. That by this fall she was internally and permanently injured, and has already endured great suffering and is likely to suffer therefrom in the future.

The defendant, on the other hand, claims that he is guilty of no negligence. That the cellarway was a lawful one under the ordinances of the city; that it had existed immemorially. That the door was not negligently left open on that night. That even if it had been negligently left open, it was in a locality with which the wife plaintiff was familiar; that the place was well lighted by street and store window lights on the premises and in the immediate neighborhood; that the open door could have been easily seen if she had exercised ordinary caution, and that she negligently stepped into the cellarway, was therefore guilty of contributory negligence and cannot recover.

You will observe that these contentions are diametrically opposed to each other. It is for you to determine which of them is right, under the evidence in the case, governing yourselves by the rules of law as the Court shall declare them.

The plaintiffs' right to recover is based upon the negligence of the defendant. It is therefore necessary for them to satisfy your minds by a preponderance of evidence, that the negligence, if any, which caused the injury was the fault of the defendant. If they have failed so to do the plaintiffs have no case. The burden of proving such negligence is upon the plaintiffs.

"On the other hand, if the defendant's negligence is so proved, and he seeks to avoid liability for such negligence upon the ground of contributory negligence on the part of the wife; then the defendant must show such contributory negligence on the part of the wife by a like preponderance of proof, or the plaintiffs will be entitled to your verdict."

The respective rights of the traveling public, and of the owners or occupiers of property abutting upon the public streets of cities, like the one in question, are quite clearly defined in leading and well-considered cases; while there is some conflict in these authorities, yet it is not difficult to find what the law is, at least so far as this case is concerned.

Such streets are public highways from building line to building line. The pavement or footways from building line to curb are usually appropriated to foot passengers. The whole width of that footway is for their use; subject only to such limitations as the city government and State law may prescribe. Such as the right of owners or occupiers of abutting properties to place thereon stepping stones, hitching posts, awning posts, doorsteps running out a certain distance into the pavement, for the purpose of ascent or descent into the dwellings or buildings thereon, area-ways for light and ventilation of such buildings, covered coal holes, and cellarways with doors as in this case.

Some of these, like doorsteps, stepping stones, hitching post and awning posts are permanent and so obvious, that any danger therefrom is manifest, and every one is bound to take notice of them at his peril. Others, such as coal holes in the pavement and covered cellar doors are only dangerous when defectively constructed or left open and exposed.

The right of the public, was to use every part of that sidewalk, which in its lawful and proper condition was available for

foot travelers.   The traveling public had a right to presume "that there was no dangerous impediment or pitfall in any part of it, without a light placed to give warning of it, or suitable railing to protect it"   (*Durant vs. Palmer, 29 N. J., 548*), or some other proper and safe guards placed about it.

"The deviation from the middle of the sidewalk is not necessarily an act of carelessness," *Ibid.*   The use of the whole width of the pavement is the right of the foot traveler. exercising due care.

In *Robinson vs. The Mayor and Council of Wilmington, 8 Houst.,414,* the Court thus states the law:   " It was not the duty of the plaintiff to be searching for holes or obstructions in the street, as he was walking along, but he had a right to assume that the street was in a reasonably safe and passable condition."

" Any act or obstruction that unnecessarily incommodes or impedes its lawful use by the public is a nuisance."

*Durant vs. Palmer, 29, N. J., 547*

" On the other hand it is conceded that the defendant, who occupied premises abutting on the street, had a right to have and maintain within the limits of the city ordinance a covered cellar-way out in the pavement;   to be used in connection with his dwelling and store, for access to and from his cellar.   But the law is well expressed in *Jennings vs. Van Schaick, 108 N. Y., Repts., 533*:   " But the consent of the city is conditioned upon certain modes of use, and if the opening is left unguarded it becomes at once a trap and a nuisance.   No consent to leave it open and unprotected can be possibly claimed."

Thompson had a right to open his cellar doors and to keep them open, so as to meet the reasonable convenience and necessities of his business, but he had no right to leave them open and exposed while they were not so in use, without proper protection and warning to persons traveling on the sidewalk.   " Such person is not called upon to anticipate danger, and is not negligent for not being on his guard.   If the cellar-way was negligently left open and uncovered, it was a positive wrong.   It amounted to an obstruction of the street.   It was a trap set for the unwary and for those hurried or inattentive.

*McGuire vs. Spence, 91 N. Y., 305.*

We deduce from these cases two rules: First, that the defendant was required by law to properly guard those cellar doors when open. Second, that the foot traveller on the pavement was only bound to exercise such care and diligence, as an ordinarily careful person would reasonably have exercised under all the circumstances of the case.

From the law thus stated as applied to the evidence, you are to determine the negligence of the parties to this suit. Of the existence, extent and character of that negligence you are the exclusive judges.

In dealing with the question of the negligence of the wife plaintiff, you should properly consider her knowledge of, or familiarity with the place of the accident, the lights and its surroundings on that night. The ease or difficulty of seeing the open door, whether it was in the shadow or in the light; the warning or notice, whatever it may have been, to her of stepping first upon the closed door before she fell, and any and every circumstance that the evidence gives you bearing upon the point, whether at the time time she fell she was negligent, or was exercising such reasonable care as an ordinarily prudent and careful person would do under like circumstances.

So as to the negligence of the defendant, you should consider whether he or his servants left that cellar door open on the night in question, when it was not in use and when it should have been shut, and without proper protection, for the defendant is responsible not only for his own personal negligence but also for the negligence of his servants. The mere fact that the accident happened, or that the cellar door was open, are not in themselves evidence of negligence but it would be negligence if it was left open and unprotected to the danger of the lawful foot traveler.

It is the law that if these injuries resulted from some independent cause or the intervention of some third party, which were the proximate cause of the injuries, that the defendant could not be held responsible. But we must say to you, that in our judgment the doctrine of proximate or remote cause does not apply to this case.

Taking the law as delivered to you by the Court and apply-

ing it to the evidence as you have heard it in this court room, you are to solve the questions presented and reach your verdict. If you believe that there was no negligence on the part of Thompson; or that granting his negligence, that the wife plaintiff contribut ed to the injury, your verdict should be for the defendant.

But if you believe the defendant was negligent in permitting that cellar door to be open on that night and unguarded and that the wife plaintiff was not guilty of contributory negligence; then your verdict should be for the plaintiffs.

Should your verdict be for the plaintiffs, the measure of damages will be such a reasonable sum as will compensate the plaintiffs for the injuries of the wife, and for her pain and suffering of the past, and such as may come in the future resulting from the accident, and for such permanent injuries as from all the evidence the jury may believe she has sustained by the accident.

The jury disagreed.