SOPHIA BLACK, d. b., *vs.* THOMAS O. CLEMENTS, p. b.

*Appeal—Assumpsit—Husband and Wife—Necessaries for Wife; Husband's Liability for—Married Woman; Suit Against—Statute; Construction of— Book Account—Evidence.*

1. When husband and wife live together, he is bound to provide her with necessaries suitable to his condition and circumstances in life; and medical attention and services needful and appropriate to the wife's illness and invalid condition are such necessaries.

2. The law, from the mere *fact* of *cohabitation,* presumes the authority and assent of the husband to the wife's contract for such necessaries, and makes him liable if they are *supplied* on *his credit.* But if they are supplied to the wife on *her* credit, and debited to *her,* and not to the husband, on the books of the plaintiff, the husband is not liable.

3. If the articles purchased by the wife are such as cannot be considered as strictly necessaries, he is not liable, without showing his express authority or assent to such purchase.

4. At common law, in this State, before the passage of what are called the married woman's acts, a married woman might not be sueable in her own name alone during the life of her husband and during their marriage. But under *Sec. 2, Chap. 550, Vol. 14, Laws of Delaware,* the wife may be sued alone in her own name if the circumstances and evidence bring the case within the meaning of said sections.

5. A book account regularly and fairly kept, and not contradicted by other evidence in the case, when unimpeached, goes before the jury for what it shows, and is to be taken just as any other uncontradicted and unimpeached testimony.

*(May 17, 1900.)*

Judges SPRUANCE and GRUBB sitting.

*Robert H. Van Dyke* for plaintiff below.

*Thomas C. Frame, Jr.,* for defendant below.

Superior Court, Kent County, April Term, 1900.

APPEAL. ACTION OF ASSUMPSIT (No. 8, October Term, 1899), amount claimed being $82.00 with interest from September 28, 1897, for professional medical services rendered the defendant, alleged to have been at her request and charged to her personally, she promising at the time the services were rendered to pay therefor.

The pleas were non assumpsit, payment, discount, release, set-off, statute of limitations and coverture.

GRUBB, J., charging the jury.

Gentlemen of the jury:—This is an action brought by Dr. Thomas O. Clements against Sophia Black, for medical attendance and services rendered by him to her while she was in an ill condition, as he alleges, beginning January 11, 1897, and ending September 28, 1897. The plaintiff claims that the total amount due is $82, with interest from September 29, 1897.

This case is mainly a matter of evidence which you are to pass upon, subject, of course, to the instructions of the Court in regard to the law applicable thereto. Your determination of this case requires that we shall instruct you in regard to the liability of husband and wife to creditors.

There are some questions presented in the prayers here, which are of a very general character, and are not raised by the circumstances in this particular case. Therefore, we will not attempt to present to you a comprehensive statement of the law as to the liability of a husband or of a wife to the creditor. We will simply state the law which is applicable to the circumstances of this case.

The law governing this case in part has already been laid down by this Court in this State, in the case of *Fredd vs. Eves, 4 Harr., 386*, in which the Court say:

"When husband and wife live together" (as it is admitted, I believe, on both sides that the husband and wife did in this case), "he is bound to provide her with necessaries suitable to his condition and circumstances in life;" (and we say to you that medical

attention and services needful and appropriate to the wife's illness and invalid condition are necessaries within the meaning and contemplation of the law) "and the law, from the mere *fact of cohabitation,* presumes the authority and assent of the husband to the wife's contract for such necessaries; and, therefore, makes him liable, if they are *supplied on his credit.* But if they are supplied to the wife on *her* credit, and debited to *her,* and not to the husband, on the books of the storekeeper," etc., (physician or other creditor) "the husband is not liable. If the articles purchased by the wife, are such as cannot be considered as *strictly necessaries,* he is not liable, without showing his *express authority or assent* to such purchase."

The effect of that law which I have read to you is to hold that the husband is not liable to be sued by the creditor under some of the circumstances stated in the decision.

So that if you should find that the plaintiff in this case has presented to you his book account, regularly and fairly kept, which is unimpeached before you, and that his claim is charged to the wife and not to the husband, it will be evidence to show that Dr. Clements, the plaintiff, could not successfully sue the husband and recover from him, because he has furnished the evidence of his own books to show that he did not credit the husband, but the wife, and therefore the husband cannot be held liable by him, if you believe such evidence is unimpeached and true.

Another question which arises from the facts in this case, and from the contentions of counsel is, that if the husband is not liable to be sued by Doctor Clements, can the defendant, Mrs. Sophia Black, the wife of Robert A. Black, be held liable for the medical attention and services rendered to her, and can she be sued in her own name therefor, by the plaintiff in this case, and can he lawfully recover a verdict at your hands, and a judgment in this case on your verdict, if you should be able to render one in his favor on the evidence?

At common law, in this State, before the passage of what are

called the married woman's acts of this State, a married woman might not be sueable in her own name alone during the life of her husband and during their marriage. But under the statute of this State, particularly under *Section 2, Chapter 550, Volume 14 of the Laws of Delaware*, to which we now give a construction, we instruct you that the wife may be sued alone in her own name, by a creditor, if the circumstances and the evidence before you bring the case within the meaning and operation of said Section 2, Chapter 550, Volume 14. The language of that section, is as follows:

"That all debts contracted before marriage by the wife or by her authority after marriage, shall be a charge upon her real and personal property, and a judgment therefor may be recovered against her in her own name."

So that if you are satisfied that the plaintiff rendered the medical services and attendance in question, and that they were reasonably proper and needful for her in her then condition, and that they were rendered at her request, and especially upon her promise and agreement to pay him for those services, then under this statute, the suit against her in her own name is lawful and he may recover a verdict against her in this case; provided, however, that you are satisfied upon the preponderance of testimony in this case, that is, upon the greater weight of the testimony, that the services were rendered under the circumstances I have stated to you.

Now as to what are the true facts in this case. Whether or not these medical services were rendered at her request, and upon her promise to pay for them out of her own money or out of her own personal estate, is for you to determine upon all the evidence, as the counsel on both sides have stated to you. The evidence is conflicting.

Dr. Clements has stated to you his side of the case and Mrs. Black has presented her side of the case. You are called upon to decide between them. You alone are the judges of the facts; you are the judges of the credibility of the respective witnesses; you alone are the judges of the weight that should be given to their

testimony; and where testimony is conflicting, it is your duty to reconcile it if you can. If you cannot reconcile it, you may give credit to whichever witness you think, in view of all the circumstances of the case, is most entitled to credit.

The learned counsel for the plaintiff has asked us to charge you as to the effect of a book account.

As I have already stated, a book account, regularly and fairly kept, and not contradicted by other evidence in the case, when unimpeached before you, goes before you for what it shows, and you will take it just as you would any other uncontradicted and unimpeached testimony. Whether there is any testimony to impeach or to contradict that book account in any respect is for you to determine.

We have also been asked to charge you that, as that book account is a charge against Mrs. "R. A. Black," you are to determine whether that charge against Mrs. R. A. Black refers to "Mrs. Robert A. Black," the wife of R. A. Black, and to Mrs. Sophia Black who is the defendant named on the record in this suit.

You have heard the evidence as to whether or not she was the wife of Robert A. Black, and whether the services that were rendered to her are the same that were entered in that book by the plaintiff as against her.

You are to take that charge and determine whether it refers to the defendant or not.

We now leave the case in your hands for your determination.

Verdict for plaintiff for $94.71.