JOHN TOWNSEND *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

LINDA O. TOWNSEND *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Negligence—Street Railway—Measure of Damages for Wife; for Husband.*

1.   In an action brought by a married woman for personal injuries, the measure of damages would be such a sum as would reasonably compensate her for her pain and suffering in the past and such as may come to her in the future by reason of the injuries complained of, also for any permanent disability arising therefrom, and for any loss of wages she may have sustained from her personal labors performed, not for the family but which she would have otherwise earned.

2.   The measure of damages for the husband, who was injured in the same accident, would be such a sum as would reasonably compensate him for his personal injuries, the expenses incurred by him in curing himself and his wife, and for the loss of any services of the wife to the family.

(*June* 10, 1907.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Howell S. England* and *William S. Hilles* for plaintiffs.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, May Term, 1907.

ACTIONS TO RECOVER DAMAGES for personal injuries, (Nos. 154 and 155, September Term, 1906).

LORE, C. J., charging the jury:

Gentlemen of the jury:—In this trial you have for your determination, two suits against the Wilmington City Railway Company, the defendant; one brought by John Townsend and

the other by Linda O. Townsend, his wife, to recover damages for injuries which are claimed to have been received by reason of the negligence of the defendant company. For convenience, the two suits have been tried together. The injuries are claimed to have resulted from the collision of two cars of the defendant company, at Fourth and Market Streets, in this City, on the nineteenth day of August, 1906.

The defendant company admits that at the time of the accident, it owned and operated the two cars which collided, and also that such collision resulted from its negligence. The question for your determination, therefore, upon the evidence, is what damages each plaintiff shall recover.

John Townsend claims that by reason of the accident, his nervous system was so shocked and injured that he has been unable to perform work as he did before that time. He also claims for the loss of the services of his wife, and for expenses incurred in his efforts to cure her and himself.

In estimating his damages, your verdict should be for such a sum as will reasonably compensate him for his injuries, including therein, his pain and suffering in the past and such as may come in the future, arising from these injuries, and also for any permanent loss of ability to earn a living.

It should also include any expenses that he has incurred in attempting to cure himself, and his wife, and for such loss for the services of his wife, as he may have sustained in the past, or as may result in the future, by reason of the injuries complained of.

Linda O. Townsend claims that by the accident her collar bone was broken, her right arm damaged, and her back and spine became injured. She claims damages, in this suit, for these injuries, as well as for the loss of money that she might make outside of her family duties.

The laws of this State provide that a married woman may recover the wages for her personal labor, not performed for the family, and may maintain an action therefor, in her own name and her own right, against her husband or any other person.

Your verdict in the case of Linda O. Townsend, therefore,

should be for such sum as will reasonably compensate her for her pain and suffering in the past, and such as may come to her in the future, by reason of the injuries complained of, also for any permanent disability arising therefrom, and for any loss of wages she may have sustained from her personal labors performed, not for the family, but which she would have otherwise earned.

You are trying the two cases together, but you must render separate verdicts. Briefly, the husband may recover for his personal injuries, the expenses incurred by him in curing himself and his wife, and for the loss of any services of the wife to the family.

The wife may recover for her own personal injuries, and for such wages as she would receive for work performed outside of her family duties.

Verdict for plaintiff, John Townsend for $500.

Verdict for plaintiff Linda O. Townsend for $10,000.