THE DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY, a corporation of the State of New Jersey, defendant below, plaintiff in error, *vs.* MARIEANNA JORDAN, plaintiff below, defendant in error.

HUSBAND AND WIFE—AUTHORITY—EVIDENCE—MATERIALITY.

Where defendant telephone company dealt with plaintiff's husband as the owner of a farm abutting a highway on which its line was constructed, and not

as the agent of plaintiff, who was the owner in fact, in obtaining from the husband a right to trim trees along the road, evidence that the husband had given permission to an electric light company to cut the trees, which permission was actually exercised and acquiesced in by plaintiff, was inadmissible to show the husband's agency and authority from his wife in the management of the farm, in an action by her as owner for damages to trees along the highway by reason of trimming done by defendant.

*(October* 17, 1910.)

Curtis, Chancellor, and Associate Judges Conrad, Woolley and Hastings, sitting.

*Ward, Gray* and *Neary* for plaintiff in error.

*W. W. Knowles* for defendant in error.

Supreme Court, June Term, 1910.

Writ of Error (No. 4 June Term 1910) to the Superior Court of the State of Delaware, in and for New Castle County.

This action was brought in the court below to recover damages for cutting and mutilating certain shade and fruit trees, and the plaintiff had a verdict (see 1 *Boyce* 107). A writ of error was sued out. Judgment affirmed.

The case is stated in the opinion.

Curtis, Ch., delivering the opinion of the court:

This case comes up on bill of exceptions. The action of the plaintiff below was for damages to trees upon the public road on which the farm owned by the plaintiff abuts, and the defense was that the right to trim the trees was given to the defendant by Marshall S. Jordan, the husband of the plaintiff. To prove this defense, the defendant put in evidence, against the objection of the plaintiff, an agreement in writing under seal purporting to have been signed by Marshall S. Jordan on August 11, 1905, with other persons, owners of other property, whereby they granted to the defendant the right to erect and maintain poles and string wires thereon along the highways "adjoining the property owned by us," with the right to trim the trees in the road. The signing of this paper by the husband of the plaintiff, who was dead at the time of the trial, was disputed. It appears affirmatively in the evidence of the defendant that the representative of the company who, as he claimed, obtained the signature, dealt with Marshall S. Jordan as the owner, and not as the agent of the real owner, the plaintiff. There was no evidence that the plaintiff made any representation

to the defendant, or to its representative, respecting the ownership of the farm, and it does not appear that she had knowledge of the existence of the agreement prior to the trimming of the trees complained of, and, on the contrary, it appears definitely that she was at that time ignorant of its existence.    If Marshall S. Jordan signed the agreement, he signed it as the owner and not as agent, and the representative of the grantee believed him to be the owner and not an agent of the owner.    Upon these points the testimony is clear and undisputed.

The defendant having shown that another company, an electric light company, had run its lines on the same public road adjoining the plaintiff's land, offered to show by the evidence that Marshall S. Jordan had given permission to this electric light company to cut the trees and install its lines, which permission was actually operated under and acquiesced in by the plaintiff, and offered the evidence in order to show the husband's management and control of the farm and his general authority as agent for his wife.    It does not clearly appear whether this transaction was before or after the making of the agreement with Marshall S. Jordan by the defendant company, but it was assumed in the argument that it was given before.

The refusal of the court below to admit the evidence just mentioned is the only assignment of error insisted upon in the argument in this court, on the argument of the exceptions taken by the defendant, a verdict having been given for the plaintiff.

It is urged by the defendant that the permission given the electric light company is an act similar in character to the permission given the defendant telephone company, and that the proof of the former act showing agency is admissible in evidence to show the existence and extent of agency in the latter act.    But the fact of agency does not arise as between the parties in this cause, for the defendant did not deal with Marshall S. Jordan as agent for the owner, but represented himself as being the owner of the property damaged.    If A. deals with B. as the agent of C., evidence that B. has done prior acts as the agent of C., which acts have been adopted or ratified by C., tends to prove that B. was the agent of C. in the transaction in question.    This principle has special application to

dealings in trade and commerce, but has been extended to other
dealings and perhaps too widely extended.   It is, however, other-
wise if A. deals with B. as the owner and not as the representative
or agent of C., and evidence that C. had adopted and ratified·
similar prior acts done by B. as his agent is not material or relevant,
because B. was not dealt with as the agent of C.   The basis of
the principle urged by the defendant as being applicable to this
case is a form of estoppel.  ·The principal who has allowed one to
act as his agent in doing certain acts is not permitted to deny the
agency in a controversy with a third person who deals with his
agent as agent, but it is otherwise when the dealing in question is
with one not as agent, but as a person able to contract on his own
account in the transaction in question.   As stated by authoritative
writers and decisions of  other courts, evidence of a previous agency
is evidence of a present agency, because in the transaction in ques-
tion there was a dealing with a supposed agent and not with a
principal.

"By  permitting another to hold himself out to the world as his
agent, the principal adopts his acts, and will be held bound to the
person who gives credit thereafter to the other in the capacity of
his agent."   2 *Kent, Com.* *614.

Professor Greenleaf, writing respecting proof of  agency in
trade and commerce by inference from the habit and course of
dealing between the parties, says:

"This may be such as either to show that there must have been
an original appointment, or a subsequent and continued ratification
of the acts done; but in either case the principal is equally bound.
Having himself recognized another as his agent, factor or servant,
by adopting and ratifying his acts done in that capacity, the prin-
cipal is not permitted to deny the relations to the injury of third
persons who have dealt with him as such."   2 *Greenl. Ev.* *65.

"Having himself recognized another as his agent by adopting
and ratifying his acts done in that capacity, the principal is not
permitted to deny the relation to the injury of third persons who
have dealt with him (the agent) as such."   3 *Elliott on Evidence*,
§ 1633.

The same idea is adopted by Professor Wigmore in his scientif-

ic treatment of the Law of Evidence.  1 *Wigmore on Evidence*, *p.* 452, § 377.

An examination of many of the cases cited shows that the rule contended for as applicable to the case at bar has been applied to cases where the alleged agent acted, or purported to act, not on his own account, or for himself as a principal, but as agent or representative of the person charged with responsibility for his act. The court below rightly rejected the evidence in question because it related to a separate and independent transaction of the husband of the plaintiff with other persons, and though it related to a similar matter, the granting the right to erect poles for wires on a public road adjoining his wife's farm, it was not relevant to prove in the case at bar that the defendant had authority from the wife to erect the poles and wires, and, therefore, to trim trees, the injury complained of, because the defendant dealt with the husband not as agent for the wife, or as having authority from her, or by reason of her having held him out as having the authority, but as himself the owner of the farm.

The exceptions taken by the defendant below, plaintiff in error, are therefore disallowed, and the judgment of the court below is affirmed.