BESSIE P. PARKINSON *v.* ELIZABETH S. HAMMOND.

*(March 30, 1932.)*

HARRINGTON, J., sitting.

*Edward W. Cooch* for plaintiff.

*W. Thomas Knowles* for defendant.

Superior Court for New Castle County, March Term, 1932.

Assumpsit, No. 152, November Term, 1931.

HARRINGTON, J., charging the jury:

This is an action for the recovery of a store account by Bessie P. Parkinson against Elizabeth S. Hammond.

The plaintiff claims that the defendant owes her $913.95 with interest thereon amounting to $144.58, or $1,058.53 in all, on an account for the sale and delivery to the defendant of certain groceries and other provisions by the plaintiff.

That Mrs. Hammond did the family marketing and that groceries and provisions to the amount claimed by the plaintiff were delivered to and used by the Hammond family, upon her order, is not denied; but that the sale was made to and the credit given to Mrs. Hammond, individually, is denied.

In *Speckmann v. Foote* (*Sup.*), 138 *N. Y. S.* 380, 381, the Court said:

"Where a married woman, living with her husband and children, purchases necessaries for the family use, the presumption is that the purchases were made as the agent of the husband, and that he alone is liable.

"The wife may, however, by an agreement to that effect, charge herself personally for necessaries purchased by her for the family while living with her husband."

In *Wilson v. Herbert*, 41 *N. J. Law* 454, 461, 32 *Am. Rep.* 243, the court also said: "When husband and wife are living together, and the wife purchases articles for domestic use, the law imputes to her the character of an agent for her husband, and regards him as the principal debtor. She may contract for such articles as principal, and assume the responsibility of a principal debtor. But to fix upon her such a liability it must affirmatively appear that she made the purchase on her individual credit."

In *Fredd v. Eves*, 4 *Harr.* 385, while the issue was not exactly the same, the court also used the following pertinent language: "When husband and wife live together, he is bound to provide her with necessaries suitable to his condition and circumstances in life; and the law, from the mere fact of cohabitation, presumes the authority and assent of the husband to the wife's contracts for such necessaries; and, therefore, makes him liable, if they are supplied on his credit. But if they are supplied to the wife on her credit, and debited to her, and not to the husband, on the books of the storekeeper, etc., the husband is not liable."

*Feiner v. Boynton*, 73 *N. J. Law* 136, 62 *A.* 420, and *Lindholm v. Kane*, 92 *Hun* 369, 36 *N. Y. S.* 665, are to the same effect as *Speckmann v. Foote* and *Wilson v. Herbert*, *supra*. See, also, *Bergh v. Warner*, 47 *Minn.* 250, 50 *N. W.* 77, 28 *Am. St. Rep.* 362; *Debenham v. Mellen*, 6 *App. Cas.* 24; *Dolan v. Brooks*, 168 *Mass.* 350, 47 *N. E.* 408; *Jordan Marsh Co. v. Hedtler*, 238 *Mass.* 43, 130 *N. E.* 78.

It must be remembered that with the exception of *Fredd v. Eves*, 4 *Harr.* 385, the question in the cases above quoted from was not to what extent the wife could pledge

the credit of her husband for necessaries with which he had failed or refused to supply her, but whether by living together and making her the manager of his household and permitting her to purchase the family supplies, her husband had constituted her his agent, in that particular; and whether she was acting as such when the purchases in controversy were made. As I have already stated, it is not denied that Mrs. Hammond was living with her husband, and that she did the marketing for that family; the principles above referred to are, therefore, applicable to this case.

Bearing them in mind, the important question for you to determine, therefore, is whether the credit for the groceries and other provisions in question, bought from the plaintiff, was given to Mrs. Hammond; that is, whether they were sold and charged to her individually, or whether in purchasing them she was acting as the agent of her husband and the credit was given to him.

(The Court here charged on the preponderance of evidence.)

■ Whether your verdict shall be for the plaintiff or for the defendant is for you to determine. But, if you believe that the credit was given and the charge made to Mrs. Hammond, your verdict should be for the plaintiff.[1] *Fredd v. Eves*, 4 *Harr.* 385; *Black v. Clements*, 2 *Penn.* 499, 47 *A.* 617. If, however, you believe that the charge was made and the sale and credit given either to Mr. Hammond and his wife or to Mr. Hammond alone, the plaintiff cannot recover in this action, and your verdict should be for the defendant.

If your verdict should be for the plaintiff, it should be for such an amount as you think is due her from the defendant on the account sued on, with interest.

---

[1] Under *Chapter* 197, § 3048, *Vol.* 30, *Laws of Delaware*, a married woman "may contract jointly (including with her husband) or separately, sue and be sued, and exercise all other rights and powers, * * * which a *femme sole* may do under the laws of this State."