Northam E. HYLAND and Florence M. Hyland, Plaintiffs,

v.

Charles J. SOUTHWELL, Defendant.

Superior Court of Delaware, New Castle.

May 6, 1974.

Jan S. Black of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs.

James F. Kipp of Becker & Kipp, Wilmington, for defendant.

## OPINION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

TAYLOR, Judge.

This action is brought by plaintiffs who are husband and wife for injuries suffered by wife as a result of a collision between plaintiff's automobile, which was being operated by husband, and the automobile operated by defendant. The complaint in its original form sought damages for wife for permanent injuries and for present and future pain and suffering. For husband it sought recovery for loss of consortium and services of wife and for "incurred hospital and medical expenses and other expenses to date . . .". Plaintiffs now seek to amend the complaint to seek as an element of wife's claim for damages the "incurred hospital and medical expenses in the treatment of her injuries", and to eliminate this as a claim by husband.

Defendant opposes the proposed motion on the ground that in the case of husband and wife, only the husband can recover for medical bills incurred in the treatment of wife's injuries. In view of the imminence of the trial date, both parties seek to have adjudication on the merits of the proposed amendment as a pleading rather than have the traditional consideration which is given to a motion to amend a pleading.

In Louth v. Thompson, 1 Pennew. 149, 39 A. 1100 (1897) this Court held under the then-existing common law rules of pleading that the right to recover for medical expenses for treatment of a wife was an action which must be brought by the husband and could not be brought by the wife. The Court did not set forth the facts which formed the basis for the ruling that the wife could not recover for these expenses. It does not show that the wife sought to show that she in fact personally incurred or paid those expenses. Consistent with *Louth*, this Court held in Townsend v. Wilmington City Ry. Co., 7 Pennew. 255, 78 A. 635 (1907) that a husband may recover for medical expenses which he incurred for treatment of his wife.

It should be noted that the cases cited above arose at a time when the dependence of a married woman upon her husband was far greater than is true at this time.[1]

██ Apparently the earlier holdings were based upon the premise that a husband is responsible for necessaries, including medical expenses for his wife, and therefore, such expenses would be considered to be his expenses for which he alone was liable and consequently for which he alone could recover. The philosophy of the Married Woman's Act[2] has led to an evolutionary departure from the common law concept of the absolute rights and liabilities of the husband and a broadening recognition of the independent rights and liabilities of the wife. Thus, it has been held that a wife may be personally liable for necessaries for herself and members of the family even where she is living with her husband, where it affirmatively appears that they were supplied to her on her individual credit. Parkinson v. Hammond, 5 W.W.Harr. 145, 159 A. 846 (1932). She may become liable by ratification of an unauthorized contract made by her husband. Jordan v. Delware & A. Telegraph & Telephone Co., 1 Boyce 107, 75 A. 1014 (1909), aff'd 2 Boyce 67, 78 A. 401. In furtherance of the concept of the financial independence of the wife, this Court held in 1927 that a married woman could be sued alone for a tort committed by her even though it was committed in her husband's presence.

---

1. An illuminating annotation dealing with this subject is found in 21 A.L.R.3d 1113–48. It is noted that many of the more recent cases have found ways to depart from the common law thinking concerning the limitations upon the rights of a wife.

2. 13 Del.C. §§ 311–314.

Wolf v. Keagy, 3 W.W.Harr. 362, 136 A. 520 (1927); and in Stenta v. Leblang, Del.Supr., 185 A.2d 759 (1962), the Delaware Supreme Court held that a wife could sue for loss of consortium.

It is not necessary to consider to what extent the historic rights and liabilities of the husband today govern the right of the husband vis-a-vis wife to recover for a wife's medical expenses in the absence of a clear showing of facts relating either the husband or wife directly to those expenses. Actual facts must control over legal fiction. Rights of a wife as an individual are entitled to their proper recognition.

As noted above, the issue under consideration is the sufficiency of the pleading. The manner in which the expenses were incurred and paid are not set forth in the pleading. It is sufficient for purposes of this Opinion to hold that under a proper state of facts, a wife may recover for medical expenses incurred by her in the treatment of her injuries. Accordingly, the motion to amend the complaint is granted.

It is so ordered.