## ELMER L. BULLOCK *vs.* JAMES PORTER.

1. NEGLIGENCE—SETTING FIRES.

The liability of one who sets fire to brush on his land, which spreads to and burns adjoining property, depends on whether he was negligent in starting it under the circumstances, or in afterwards failing to stay its progress; the criterion being whether he used such care as an ordinarily prudent and careful man would use.

2. DAMAGES—MEASURE OF DAMAGES—BURNING OVER LAND.

The measure of damages for burning over land is the difference between its value immediately before the fire and its value thereafter.

*(October* 31, 1910.)

Judges CONRAD and WOOLLEY sitting.

*W. Watson Harrington* for plaintiff.

*Richard R. Kenney* for defendant.

Superior Court, Kent County, October Term, 1910.

ACTION ON THE CASE (No. 19, April Term, 1910), based upon the alleged negligence of the defendant in setting fire to grass and brush on his land, to recover damages for injuries to timber growing on adjacent land of the plaintiff.

The facts appear in the charge of the court.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is an action on the case, where-

in the plaintiff relying upon his remedy at common law and not upon the statute, seeks to recover from the defendant, damages for injuries to his property, caused as it is alleged, by the defendant's acts of negligence. The plaintiff claims that the defendant, on the twenty-third day of March, A. D. 1910, with the aid of others acting under his direction, set fire to the grass, brush or growth upon the part of his land that was east of and adjacent to the land of the plaintiff; that at the time the fire was started, the wind was light and blew from the south and away from the plaintiff's land; that shortly thereafter, the wind shifted to the east and blew with increased force toward the plaintiff's land, as a result of which, the fire rapidly spread, and becoming greater in volume, got beyond the control of the defendant and of those assisting him, and reaching the land of the plaintiff, destroyed a portion of his timber and caused the loss and injury complained of in this action. The negligence imputed to the defendant consists of acts both of commission and omission, which are represented to be his act of burning the brush at a time when, by reason of the state of the wind and weather, such an act, as it is alleged, was dangerous and improper, and his failure or neglect to plow furrows ahead of the fire, start back fires or otherwise protect the property of the plaintiff from the encroachment of the fire and the resulting injury.

The defendant claims that his act of starting the fire upon his own land, under the conditions that prevailed at the time, was not dangerous, and therefore was not an act of negligence; that he could neither forsee nor prevent the change of the wind from a direction that carried the fire away from the plaintiff's land to a direction that carried the fire toward it; that when the wind changed its direction and increased its velocity, he and his assistants did all they could to extinguish the fire and stay its progress; that the spread of the fire to the property of the plaintiff and the conseqeuent injury were unavoidable and resulted from no negligence of the defendant in his efforts to control and prevent it.

The plaintiff claims that he has sustained damages to the extent of five hundred dollars and the defendant claims that the damages sustained, if any, are inconsiderable.

From this statement of the case, briefly digested from the evidence, it appears that you are called upon to determine two and possibly three issues of facts, the first of which is, whether the defendant was negligent in starting to burn his brush under the conditions that prevailed at the time.   If you should find that the defendant was not negligent in so starting the fire, you must then determine the second issue, which is whether the defendant was guilty of negligence in failing to stay the progress of the fire and to prevent the consequent injury to the plaintiff's property, or whether the progress of the fire and its resulting injury were matters beyond the control of the defendant and unavoidable in their nature.   The third issue is one of damages, a consideration of which depends, of course, upon your determination of the other two issues.

With respect to the first issue, the court say to you, that aside from the statute which is not invoked in this case, the burning of brush at proper times under proper conditions, while always hazardous is not always dangerous, when done with the care and under the precautions required of one who would avoid liability for consequential injuries.   When brush is burned upon the property of one whereby injury is done to the property of another, the question of liability for the injury depends upon the presence or absence of negligence in starting or controlling the fire.   Negligence, as comtemplated by the law in this regard, is the want of ordinary care, that is, the want of such care as an ordinarily prudent and careful man would use when the undertakes to burn brush that is upon and extends over his own land to the land of his neighbor.   It is the failure to observe, for the protection of the neighbor, whose property may thereby become endangered, that degree of care, precaution and vigilance which the hazard of the act and the circumstances surrounding it, justly demand.   Should you find that the defendant was negligent in setting fire to his brush under the conditions that prevailed at the time, your verdict should be for the plaintiff.

If, however, you find upon the first issue that the defendant was not negligent in starting the fire, you must then determine

the second issue and find whether the defendant was negligent in failing to control the fire and to prevent the injury to the plaintiff's timber, or whether the spread of the fire and the consequent injury were things inevitable and unavoidable.

This issue, like the other, is determined by applying to it the law of negligence already stated to you, to which the court will add, that having started the fire, there was required of the defendant a care over its progress and a diligence to prevent its spread that was proportioned to the danger or mischief liable to ensue to the plaintiff's property, an omission of which constitutes negligence for which the defendant can be held liable. Therefore, if you find that the defendant was negligent in controlling the fire or in preventing its spread to the plaintiff's timber, by doing what he and those acting under him should not have done or by failing to do what he and they should and could have done, your verdict should be for the plaintiff.

Should you find for the plaintiff upon the ground of the defendant's negligence either in starting the fire or in controlling it, or in both, your verdict should be for such a sum as would compensate him for the injury he thereby sustained, as shown by the difference between the value of his property immediately before the fire, including timber, young and old, and its value thereafter.

Negligence, however, is never presumed; it must always be proved and the burden of proving it is upon the plaintiff. Therefore, if you find from the proofs, that the defendant was not guilty of negligence in starting the fire in the first instance, and was not thereafter negligent in his endeavor to prevent its spread to the plaintiff's timber, and that the injury complained of was the result of an unavoidable accident, then your verdict should be for the defendant.

Of the evidence in this case you are the sole and exclusive judges and from the evidence in this case you are to determine the issues, not by the rule of reasonable doubt that prevails in criminal cases, but according as the evidence weighs or preponderates in favor of one party or the other.

Verdict for plaintiff.