### LANDRETH L. LAYTON vs. PARKER H. HUDSON.

1.  NEGLIGENCE—FIRES—BURDEN OF PROOF.

In an action for negligence in setting fire, the burden of proving that the negligence alleged caused the damage to plaintiff, by a preponderance of the evidence, is on the plaintiff; such negligence never being presumed.

2.  NEGLIGENCE—FIRES—NOTICE TO ADJOINING PROPERTY OWNER—OMISSION—NEGLIGENCE PER SE.

18 *Del. Laws, c.* 93, § 1, provides that it shall not be lawful for any person to set fire to any grass, brush, or other substance, where the burning thereof will in any manner endanger any timber or other property, without first giving sufficient notice to the owners or occupiers of such timber as will enable them to take necessary steps to guard against such damage as they may deem proper of his intention to set fire to such grass, brush, or other substance, and using all due necessary precaution on his part to prevent any damage or loss to the timber or property of others.   *Held,* that the setting of fires without giving the notice prescribed is negligence *per se.*

3.  NEGLIGENCE—FIRES—NOTICE—FAILURE TO GIVE.

Where an adjoining property owner fires brush on his land, without giving the notice required by 18 *Del. Laws, c.* 93, § 1, he is not relieved from liability for damages caused by the escape of fire by proof that he used proper care and caution in starting and controlling the same.

4. NEGLIGENCE—FIRES—ESCAPE—NOTICE.

Where defendant set fire to grass, brush, and other substances on his own property, and the burning thereof in no manner endangered timber or other property of the plaintiff, and defendant thereafter exercised proper care and caution in the control of the fire, he was not liable for damages caused by the burning of plaintiff's property, though he did not give the notice required by 18 *Del. Laws, c.* 93, § 1.

5. DAMAGES—FIRES—ESCAPE—BURNING TIMBER—DAMAGES.

In an action for damages due to the escape of fire from defendant's land, burning plaintiff's timber, plaintiff's measure of damage was such a sum as would compensate him for the injury he sustained, as shown by the difference between the value of his property immediately before the fire, including the timber, young and old, and its value thereafter.

(*October* 20, 1911.)

Judges WOOLLEY and RICE sitting.

*Daniel J. Layton, Jr.,* and *James M. Tunnell* for plaintiff

*Woodburn Martin* and *Charles W. Cullen* for defendant

Superior Court, Sussex County, October Term, 1911.

ACTION OF TRESPASS ON THE CASE (No. 7, June Term, 1910), to recover damages for injuries alleged to have resulted to the plaintiff by reason of the negligence, etc., of the defendant, in setting fire to brush, etc., on the lands of the latter.

(The facts and contentions of the parties appear in the charge of the court.)

RICE, J., charging the jury:

Gentlemen of the jury:—This is an action of trespass on the case. Landreth L. Layton, the plaintiff, seeks to recover from Parker H. Hudson, the defendant, damages for alleged injuries to his property, caused by the alleged negligence of the defendant.

The plaintiff claims that the defendant in the latter part of March, 1910, either himself or through another acting under his direction, or by his permission, set fire to brush or combustible matter upon the part of his land that was west of and in the immediate vicinity of the plaintiff's premises.

The plaintiff sets forth in several ways in eight counts in his declaration that the defendant was negligent in starting a fire at a time when the brush or other combustible matter was very dry; that a strong wind was blowing over the brush at the time; that the defendant had not plowed the ground around the brush; that he had not employed a sufficient number of persons to assist him in keeping the fire under control; that he did not give notice to the

Charge.

plaintiff or his tenants on the land on which timber was on this occasion burned; and that the defendant had not given sufficient notice to the plaintiff or the occupant of the land as required by the statute of this state—and claims that he has been damaged to the extent of one hundred dollars.

The defendant claims that the fire, set by his servant under his direction, on the property of the defendant did not cause the fire on the land of the plaintiff and the resultant damage thereby as alleged by the plaintiff, but that a fire was communicated to the property of the plaintiff from another fire, for which the defendant was in no way responsible, and he further contends that the plaintiff did not suffer any damages by the fire on his (the plaintiff's) land, from whatever place it may have been communicated to the land of the plaintiff.

[1]   The basis of this action is the negligence of the defendant or of his servant by his direction or authority.   The burden of proving the act of negligence which caused the alleged damage to the plaintiff is upon the plaintiff, and such negligence being never presumed, must be proved to the satisfaction of the jury, by the preponderance of the evidence.   By a preponderance of the evidence is meant the greater weight of the evidence, and not merely the larger number of witnesses

[2]   There is a statute in this state, being *Chapter* 93, *Volume* 18, *Laws of Delaware*, which in part is as follows:

"Section 1.   That from and after the passage of this act it shall not be lawful for any person to set fire to any grass, brush, or other substance, where the burning thereof will in any manner endanger any timber, either standing or felled, or other property, without first giving sufficient notice to the owners or occupiers of such timber and property as will enable them to take such necessary steps to guard against such damages as they may deem proper, of his intention to set fire to such grass, brush or other substance, and using all due and necessary precaution on his part to prevent any damages or loss to the timber or property of others.

"Sec. 2.   That any person violating *section* 1 of this act shall   *   *   *   be liable in a suit for damages that may be sus-

Charge.

tained by any one on account of his failure to comply with the provisions of this act."

[3]   Thus one of the issues of fact for the jury in this case to determine from the evidence, is whether the defendant or his servant did or did not set fire to grass, brush, or other substance at a place on his property where the burning thereof, did in any manner endanger any timber, or other property of the plaintiff. And if you find that he did do so, and that the defendant did not give sufficient notice, to the plaintiff or the occupier of the land of the plaintiff, upon which the timber or other property was burned, of his intention to set fire to such grass, brush or other substances, as would enable him or them to take such necessary steps as they may have deemed proper to guard against such damage, and we may say to you that the defendant does not claim that he gave any notice to either the plaintiff or the occupier of his land in  question; that failure to give such notice  in itself is negligence, and if the plaintiff's property was damaged as a result of such negligence on the part of the defendant, he (the defendant) is liable, and the defendant is not relieved of this statutory duty to give notice or of its corresponding liability, even though he used proper care and caution in starting the fire and controlling the same.

[4]   But if, on the other hand, you find from the evidence that the defendant set fire to grass, brush or other substance on his own property, the burning whereof in no manner endangered timber or other property of the plaintiff, without giving notice thereof to the plaintiff or his tenant, and thereafter exercised a proper care and caution in its control, the defendant is not liable.

[5]   If you find that plaintiff's timber or other property was damaged by any act of negligence of the defendant, as we have defined it to you, then your verdict should be in favor of the plaintiff "for such a sum as would compensate him for the injury he thereby sustained, as shown by the difference between the value of his property immediately before the fire, including timber, young and old, and its value, thereafter." *Bullock v. Porter*, *ante* 180, 77 *Atl.* 943.

Your verdict should be for the defendant however, if you find

(1) that the fire on the plaintiff's property was not caused by the defendant or his agent; or (2) that the fire on the plaintiff's property was not caused by any negligent act of the defendant or his agent; or (3) that the plaintiff suffered no damage as a result of the fire, by whomsoever started.

Verdict for defendant.