James F. FARNY and Doris O. Farny,
his wife, Plaintiffs-below, Appellants,

v.

BESTFIELD BUILDERS, INC.,
Defendant-below, Appellee.

Superior Court of Delaware,
New Castle County.

Submitted March 3, 1978.

Decided June 26, 1978.

Frederick T. Haase, Jr., of Roeberg & Agostini, Wilmington, for plaintiffs-below, appellants.

Bruce L. Disend of Aerenson & Balick, Wilmington, for defendant-below, appellee.

STIFTEL, President Judge.

Plaintiffs James F. and Doris O. Farny appeal an award of the Court of Common Pleas allowing them $1.00 and costs for damage to trees on their residence property which occurred in the construction of their home. By a clause added to the contract of sale, defendant Bestfield Builders, Inc. assured Mr. and Mrs. Farny that all healthy trees would remain on the property consistent with the basement excavation. The trial Court found as a fact that three of the dead trees on plaintiffs' property resulted from avoidable errors in the construction of the home. At the trial, plaintiffs Farny presented uncontroverted expert testimony that the value of the lost trees was $3,358.00 and that the replacement cost would be 50% of the value, for a total of $5,037.00.* The Court determined that the measure of damages would be the value of the property with these trees less the value of the property without these trees. As no evidence was offered on the before and after value, the Court awarded a nominal sum of $1.00 and costs.

■ Generally, in Delaware, the measure of damages for trespass of land is the difference between the value of the land before the trespass occurred and the value of the land after the trespass. *Jordan v. Delaware and A. Telegraph and Telephone Co.,* Del.Super., 75 A. 1014 (1909), aff., Del.Super., 78 A. 401 (1910). In *Jordan,* plaintiff brought an action for the loss of several maple trees and a pear tree on her property across the street from her dwelling. Several contemporary cases followed this general rule where the measure of damages would be expressed in terms parallel to a loss in commercial value of timber. *Bullock v. Porter,* Del.Super., 77 A. 943 (1910); *Layton v. Hudson,* Del.Super., 83 A. 134 (1911); *Ponder v. Maryland D. & V. Ry.,* Del.Super., 94 A. 514 (1915).

In *Shuler v. Delaware Electric Cooperative, Inc.,* C.A. 569, 1975 (unreported opinion of Judge Balick), the Court decided that the measure of damages if the land was held for personal enjoyment would be the reasonable replacement cost and if the land was held for commercial purposes, the measure would be the decrease in the market value of the land. It held, however, that there was not sufficient reason personal to the owner to justify awarding the restoration cost and that given the insufficient personal reason, the cost of restoration would be disproportionate to the diminution in the value of the land. These principles basically were adopted from 4 *Restatement of Torts* § 929.

Jury instructions of Judge Christie in a trespass action captioned *Valley Brook Club v. Varity Builders, Inc.,* C.A. No. 569, 1964, provided that where restoration damages might be appropriate because of reasons personal to the owner, the jury, in considering the cost of reasonable repairs or replacements, must bear in mind that the plaintiff is entitled only to such restoration as would be economically and physically reasonable and feasible under all the surrounding circumstances. A course of restoration which is theoretically possible but which a reasonable owner would not in fact follow cannot form the basis of recovery for damages.

■ The *Jordan* doctrine is still alive in this State. However, in the appropriate case, the jury may properly consider both the costs of restoration and the before and after valuation of the land itself. In instances where the costs of replacement are unreasonable or excessive in relation to the damage to the land itself, the Court will, in

---

* The jurisdictional amount in Common Pleas Court may not exceed $5,000. 10 *Del.C.* § 1314.

its discretion, allow the jury to consider more than one measure of damage in order to permit flexibility and achieve a just and reasonable result. See, *Rector, etc. v. C.S. McCrossan*, 306 Minn. 143, 235 N.W.2d 609, 613 (1975).

The present dispute is based on the breach of a sales contract for real property where the builder was allowed to be on the land and the case does not grow out of a trespass action to which so much of the reported law of Delaware relates. If a party to a construction contract fails to perform its obligations under the contract, the aggrieved party is entitled to damages measured by the amount required to remedy the defective performance unless it is not reasonable or practical to do so. *Restatement*, "Contracts", § 346 (1932).

The application by the Court below of the before and after value that produced a judgment of $1.00 appears to be disproportionate to the reasonable damages suffered by the plaintiffs as a consequence of contract non-performance. However, the claim of plaintiffs for judgment of $5,037.00 also appears to be unreasonable and unduly excessive for the amount of damage suffered. The Court below may consider whether the plaintiffs Farny as reasonable owners would well have replaced the dead trees, perhaps then fully matured, in light of the fact that their replacement cost may unreasonably exceed their marginal aesthetic value; or whether the plaintiffs Farny would have replaced the lost trees with less mature trees of a somewhat lower replacement cost but with an aesthetic value near to that of the lost trees. The Court below should hear the many factors that can be considered in arriving at a fair damage verdict.

In *Baillon v. Carl Bolander & Sons Co.*, 306 Minn. 155, 235 N.W.2d 613, and in the companion case of *Rector, etc. v. C.S. McCrossan, supra*, the rule was logically stated as follows, at p. 611:

"...  Nevertheless, we are persuaded that it is the better rule that where trees and shrubbery have aesthetic value to the owner as ornamental and shade trees or for purposes of screening sound and providing privacy, replacement cost may be considered to the extent that the cost is reasonable and practical. Of course, the defendant may always show by way of rebuttal that the effect on the value of the land as a whole is minimal, and it is for the jury to balance these elements of damages in arriving at a just and reasonable award. There are situations where it is conceivable that from a practical point of view, because of the size of the trees, they cannot be replaced without costs which are wholly disproportionate to the damage inflicted. Under such circumstances, it cannot be expected that restoration or replacement will exactly duplicate what was damaged or destroyed."

Reversed and Remanded to the Court of Common Pleas to consider the proper measure and amount of damages taking into consideration the element of cost of restoration and replacement within reason and the diminution in the market value of the land as an alternative and supplement.

SO ORDERED.