J.S.F. PROPERTIES, LLC, Defendant Below, Appellant,
v.
RICHARD S. McCANN and SHARON McCANN, Plaintiffs Below, Appellees.
No. 306, 2009.
Supreme Court of Delaware.
Submitted: October 21, 2009.
Decided: December 1, 2009.
Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice
This 1st day of December 2009, it appears to the Court that:
(1) J.S.F. Properties, LLC appeals a Superior Court judge's affirmation of the Court of Common Pleas' award of triple damages to Richard and Sharon McCann for timber trespass. J.S.F. asserts that the Superior Court judge (1) erred by finding that J.S.F. trespassed willfully; and, (2) improperly and speculatively calculated damages. Because the record supports the trial judge's conclusions and because an orderly and logical deductive process produced the judgment, we AFFIRM.
(2) The McCanns own three contiguous parcels of land in New Castle County, north of the City of Newark, Delaware. The McCanns live in a house built on one of the three lots, and maintain the other two lots, which are densely wooded, as a nature preserve.
(3) In June 2004, J.S.F. purchased a vacant lot adjoining the McCann's southern property line with plans to build a single family home on the lot. James S. Fulghum, J.S.F.'s principal owner and operator, testified that he surveyed the vacant lot, but failed to place stakes to mark the boundaries. Fulghum also testified that he knew of the existing boundary stakes in the ground near where his property adjoins the McCann property before construction and landscaping started. J.S.F. admits that it "caused certain vegetation on the McCanns' property to be destroyed."[1]
(4) The McCanns filed suit in the Court of Common Pleas seeking compensatory and exemplary damages, pursuant to the Timber Trespass Statute,[2] for the value of trees cut down on the McCanns' property. The trial judge found that J.S.F. removed trees from the McCann property without the McCanns' consent, and found J.S.F. liable for the cost of replacing the trees which amounted to $6,381.00. The trial judge then found that J.S.F. intentionally trespassed and under 25 Del. C. § 1401(b), awarded the McCanns triple damages, or $19,143.00, plus litigation costs.
(5) On appeal, a Superior Court judge affirmed in part and modified in part the trial judge's findings. The Superior Court judge upheld the trial judge's determination that J.S.F. intentionally or willfully trespassed onto the McCann property. The Superior Court judge corrected an arithmetic error in the damages calculations, and modified the damages award to reflect the corrections. Thus, the Superior Court judge found J.S.F. liable for $5,500.00, based on the fair value of the trees removed,[3] and, because J.S.F. trespassed intentionally, tripled the damages to an amount totaling $16,650.00, plus litigation costs.
(6) J.S.F. argues that the Superior Court judge did not properly calculate damages for two reasons. First, J.S.F. contends that it did not willfully or intentionally trespass within the Timber Trespass statute's meaning. Second, J.S.F. contends that the trial judge speculatively calculated damages for the removed trees.
(7) "In an appeal from the Court of Common Pleas to the Superior Court, the standard of review is whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record and are the product of an orderly and logical deductive process. The reviewing court must accept the trial court's findings that the record supports, even if, acting independently, it would have reached a contrary conclusion. This Court applies the same standard of review to the Superior Court's decision."[4]
(8) The Timber Trespass Statute, 25 Del. C. § 1401, establishes civil liability for timber trespasses.[5] The Timber Trespass Statute provides:
In civil actions brought for an act of timber trespass the court shall have the authority to determine whether such trespass was unintentional or willful and award damages accordingly. If the plaintiff shall satisfy the court that the metes and bounds of his property at the place of the trespass were appropriately established and marked by reasonably permanent and visible markers, or establish that the trespasser was on notice that the rights of the plaintiff were in jeopardy, the court shall find that the trespass was willful and shall award exemplary damages equal to triple the fair value of the trees removed plus the cost of litigation. If, however, the court shall find that the trespass was unintentional, the court may award the plaintiff damages equal to the conversion value of the trees taken or damaged plus cost of litigation.[6]
(9) Here, J.S.F. admitted to destroying timber and vegetation on the McCanns' property. Sharon McCann testified that before the trespass, a surveyor marked the boundaries of the McCanns' property with pins and stakes. J.S.F. admitted to seeing those corner stakes before beginning the construction and landscaping. Further, Fulghum had been orally advised that the McCann boundary extended beyond a stream behind their house, clarifying that the stream was not a natural boundary line. This evidence established that J.S.F. not only committed trespass, but that it trespassed willfully. The record clearly supports a factual finding that J.S.F. violated 25 Del. C. § 1401 by an intentional trespass.
(10) Under the Timber Trespass Statute, intentional timber trespass damages equal triple the "fair value of the trees removed, plus the cost of litigation."[7] Where the trees were for personal enjoyment, courts use replacement costs, modified as necessary to reach a just and reasonable result, as the proper measure of damages.[8] In rebuttal, a defendant may demonstrate that the replacement costs are wholly disproportionate to the damage inflicted, but it is for the fact finder to balance these elements of damages to arrive at a just and reasonable award.[9]
(11) Here, the trial judge balanced the elements in order to arrive at a just and reasonable award. The McCanns used the parcel and the trees on it as their own private nature preserve. As a result, an award of damages based on the commercial value of the removed trees is not sufficient; nor are the replacement costs wholly disproportionate to the damage inflicted. The trial judge correctly concluded that the replacement cost of the removed trees constitute the appropriate measure of damages.
(12) J.S.F. contends that similar to Acerno v. Goldstein,[10] the measure of damages here is inappropriately based on speculation and conjecture. J.S.F. argues that the record lacks any evidence that supports the number of removed trees found by the trial judge. J.S.F. also argues that the McCanns introduced no evidence regarding the diminution in value of their property.
(13) Here, unlike Acierno, the parties presented the trial judge with evidence about the value of trees on the property. Three witnesses familiar with the property testified regarding the disparity in the amount of trees on the property before and after the trespass. The McCanns introduced an estimate compiled by a landscaper who was familiar with the property both before and after the trespass. The landscaper's estimate listed the costs associated with replacing the trees. Further, the McCanns provided photographs showing the property before and after the trespass. The McCanns suffered a loss that was neither speculative nor conjectural, but very real and measurable. This evidence supports the exemplary damages award of $16,500.00.[11]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] J.S.F. Properties, LLC v. McCann, 2009 WL 1163494, at *1 (Del. Super. April 30, 2009).
[2] 25 Del. C. §1401.
[3] In response to J.S.F.'s speculative damages argument, the Superior Court noted that "it was unreasonable to expect the McCanns to have an exact inventory of every tree on their once heavily wooded property." J.S.F. Properties, 2009 WL 1163494, at *3.
[4] Wright v. Platinum Fin. Serv., 2007 WL 1850904, at *2 (Del. June 28, 2007) (citing Baker v. Connell, 488 A.2d 1303, 1309 (Del. 1985); Levitt v. Bouvier, 287 A.2d 671, 673 (Del.1972)).
[5] "Whoever wilfully, negligently or maliciously cuts down or fells or causes to be cut down or felled a tree or trees growing upon the land of another, without the consent of the owner, shall be liable for damages as set forth in subsection (b) of this section." 25 Del. C. § 1401(a).
[6] 25 Del. C. § 1401(b).
[7] 25 Del. C. § 1401(b).
[8] See Farny v. Bestfield Builders, Inc., 391 A.2d 212, 214 (Del. Super. 1978) ("[W]here trees and shrubbery have aesthetic value to the owner as ornamental and shade trees or for purposes of screening sound and providing privacy, replacement cost may be considered to the extent that the cost is reasonable and practical.").
[9] Id. (noting "[t]here are situations where it is conceivable that from a practical point of view, because of the size of the trees, they cannot be replaced without costs which are wholly disproportionate to the damage inflicted").
[10] In Acierno v. Goldstein, the only evidence presented before the court was the testimony of three witnesses that there were trees on the property. 2005 WL 3111993 (Del. Ch. Nov. 16, 2005).
[11] The Court of Common Pleas erred in its arithmetic and awarded $19,143.00, and the Superior Court corrected the error on appeal, awarding $16,500.00.