**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DENNIS D. & DIANE M. BLEVINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: N16C-06-061 EMD |
| | ) | |
| HOPE L. METZGAR AND ROBERT O. METZGAR, JR., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This civil action involves the cutting and removal of trees from a residential property in Townsend, Delaware. Through the complaint, Plaintiffs Diane and Dennis Blevins assert claims for Timber Trespass, Trespass to Chattels, and Conversion against Defendants Hope and Robert Metzgar. The Metzgars have asserted counterclaims for Unjust Enrichment, Malicious Prosecution/Bad Faith, and Abuse of Process. Before the Court is (i) Defendants' Motion for Summary Judgment (the "Motion") filed by the Metzgars; and (ii) Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (the "Response") filed by the Blevins. For the reason set forth below, the Court **DENIES** the Motion.

**BACKGROUND**

The Blevins own and reside at 151 Lloyd Guessford Road in Townsend, Delaware (Parcel No. 1401900180) (the "Blevins Property"). The Blevins Property consists of approximately 2.12 acres of land. The Blevins purchased the Blevins Property in 2012. The Blevins, however, did not begin residing on the Blevins Property until 2015.

The Metzgars own 149 Lloyd Guessford Road in Townsend, Delaware (Parcel No. 1401900208) (the "Metzgar Property"). The Metzgars purchased the Metzgar Property in 1996 and have resided on this property ever since. The Metzgar Property is in the shape of a "popsicle stick" and consists of approximately 6.8 acres of land. The Blevins Property and the Metzgar Property are adjacent to each other. The Metzgars' home sits about ten feet from the Blevins' property line.[1]

The Blevins allege that from April 22, 2015 to May 25, 2015, the Metzgars entered the Blevins Property and cut down approximately forty feet of trees and foliage. The Blevins contend that the Metzgars kept the timber for their own use. The Blevins surmise that the Metzgars cut the trees in order to create a more direct access to the rear of their property where a large patio had recently been installed.

The Metzgars admit to removing the trees, but claim they did not know the trees were on the Blevins Property. Additionally, the Metzgars claim that the trees and other vegetation removed were either dead or had no value. The Metzgars further justify removing the trees because the trees were at risk of falling on the Metzgars' home. The Metzgars contend that since they removed the trees, the Blevins have mulched, planted shrubs and flowers, and otherwise improved the area.

On June 7, 2016, the Blevins filed a Complaint against the Metzgars for Timber Trespass, Trespass to Chattels, and Conversion. The Complaint states that the Metzgars are liable to the Blevins for the replacement value of the trees, including the cost for reestablishment of the forest area.

The Metzgars filed their Answer and Counterclaims on July 21, 2016. The Metzgars counterclaim for Unjust Enrichment, Malicious Prosecution/Bad Faith, and Abuse of Process.

---

[1] *See* Defs.' Answer Ex. A–B (tax maps of the two properties).

The Answer states that the Metzgars enriched the Blevins by removing dead and dangerous trees from their property, and that the Blevins have brought this action in an effort to harass and intimidate the Metzgars.

## PARTIES' CONTENTIONS

The Metzgars move for summary judgment on all three counts in the Complaint. As to the Count I claim for Timber Trespass, the Metzgars allege that the Blevins have shown no evidence of damages based on a legally accepted tree valuation method or reliably established the area denuded by the Metzgars. As to the Counts II and III claims for Trespass to Chattels and Conversion, the Metzgars allege that the claims fail because they are for real property, not personal property.

The Blevins contend that their expert relies on the replacement cost valuation method, which is a legally accepted tree valuation method. The Blevins further contend that they sufficiently established an estimate of the disturbed area for purposes of assessing damages. Finally, the Blevins argue that their claims for Conversion and Trespass to Chattels are permissible because trees, once cut, become personal property.

## LEGAL STANDARD

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[2] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to

---

[2] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon& Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).

3

judgment as a matter of law.[3]  If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[4]  The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[5]  If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[6]

## DISCUSSION

### A.    SUMMARY JUDGMENT IS NOT APPROPRIATE ON THE TIMBER TRESPASS CLAIM BECAUSE THE BLEVINS HAVE PROVEN DAMAGES

The Metzgars first move for summary on the Timber Trespass claim.  The Timber Trespass Statute, 25 *Del C.* § 1401, provides that:

> In civil actions brought for an act of timber trespass the court shall have the authority to determine whether such trespass was unintentional or willful and award damages accordingly. If the plaintiff shall satisfy the court that the metes and bounds of his property at the place of the trespass were appropriately established and marked by reasonably permanent and visible markers, or establish that the trespasser was on notice that the rights of the plaintiff were in jeopardy, the court shall find that the trespass was willful and shall award exemplary damages equal to triple the fair value of the trees removed plus the cost of litigation. If, however, the court shall find that the trespass was unintentional, the court may award the plaintiff damages equal to the conversion value of the trees taken or damaged plus cost of litigation.[7]

---

[3] *Id.*

[4] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).

[6] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

[7] 25 *Del. C.* § 1401(b).

4

In drafting Section 1401, the Delaware General Assembly carved out an exception to the general rule for calculating damages in Timber Trespass cases.[8] The general rule applied by courts in calculating damages is the difference between the value of the property "before and after destruction of trees."[9] The Delaware Supreme Court further expanded on the general rule and held that where the trees were for personal enjoyment or have ascetic value to the owner, courts should use replacement costs as the measure of damages.[10]

The Metzgars argue that summary judgment is appropriate on the Timber Trespass claim because the Blevins' expert, Russell F. Carlson, does not utilize the replacement cost or before and after methods for valuing the damages. The Court does not agree with the Metzgars' characterization of Mr. Russell's report and the Blevins' claim.[11]

The Complaint alleges that the Metzgars are liable to the Blevins for the replacement cost of the trees.[12] To support this contention, the Blevins hired Mr. Carlson, an arborist, to assess the value of the trees. Mr. Carlson surveyed the area purportedly denuded by the Metzgars and found several tree stumps and larger surface roots indicating where previous vegetation had been, but noted that much of the evidence had been destroyed through the process of "stump grinding."[13] Based on an inability to assess the value of the trees removed, Mr. Carlson valued the trees based on a "restoration plan." While not labeling his valuation method the "replacement cost" method, Mr. Carlson's "restoration plan" is, in essence, the cost required to replace the trees. Mr. Carlson's proposed "restoration plan" includes "costs for purchasing trees

---

[8] *J.S.F. Properties, L.L.C. v. McCann*, C.A. No. 07A-03-001, 2009 WL 1163494, at *2 (Del. Super. Apr. 30, 2009) ("The Delaware General Assembly, in drafting the Timber Trespass Statute, carved out an exception to the general rule by explicitly calling for damages to be calculated in terms of the 'fair value of the trees removed.'").

[9] *Id. See also Farny v. Bestfield Builders, Inc.*, 391 A.2d 212, 214 (Del. Super. 1978).

[10] *J.S.F. Properties, L.L.C. v. McCann*, 985 A.2d 390 (Table) (Del. 2009); *Farny*, 391 A.2d at 214.

[11] For purposes of this memorandum opinion, the Court incorporates by reference and relies upon the reasoning in the Order Defendants' *Daubert* Motion to Exclude Plaintiffs' Proposed Expert Evidence entered by the Court on June 6, 2017.

[12] Compl. ¶ 13.

[13] March 22, 2016 Rep. of Russell Carlson, RCA p. 1.

and shrubs of various species and sizes, preparing the site, planting the trees and shrubs, and finishing the mulch layer throughout the affected area."[14] Based on these projections, Mr. Carlson estimates the value of the trees destroyed by the timber trespass to be $33,241.[15]

The Court finds that these purported damages are sufficiently specific to create a genuine issue as to material fact with respect to the Timber Trespass claim. Moreover, while the Metzgars contest this damages figure based on the size of the disturbed area, this is not an issue to be resolved on summary judgment.

The Metzgars also argue that summary judgment is appropriate on the Timber Trespass claim because Mr. Carlson does not precisely identify the area denuded by the Metzgars. This is argument is also misplaced. Here, Mr. Carlson provides an estimate of the disturbed area. The Blevins also measured the area and provided an estimate of the size. The Metzgars have cited no case law that requires an exact measurement of the disturbed area.[16] While the Metzgars and their expert may estimate the area differently, this further demonstrates that there are genuine issues as to material facts. As such, the Court finds that the Metzgars are not entitled to summary judgment on this claim.

All of this is not to say that the Court will award damages. If, after hearing the evidence at trial, the fact finder concludes that the Blevins failed to prove damages, the Court can enter judgment in favor of the Metzgars on the Timber Trespass claim.[17] Alternatively, if after hearing the evidence at trial, the jury concludes that the Blevins' damages are substantially less than

---

[14] March 22, 2016 Rep. of Russell Carlson, RCA p. 2–3.

[15] Id at 3.

[16] *But cf. J.S.F. Properties, L.L.C. v. McCann*, C.A. No. 07A-03-001, 2009 WL 1163494, at *2 (Del. Super. Apr. 30, 2009) ("It is unreasonable to expect Plaintiffs to have an exact inventory of every tree on their once heavily wooded property.").

[17] *See Acierno v. Goldstein*, C.A. 20056, 2005 WL 3111993, at *6 (Del. Ch. Nov. 16, 2005) (dismissing the defendants' timber trespass claim on the basis that defendants' "utterly failed to prove damages," where at trial there was no evidence in the record that would allow the Court to determine the value of the trees).

proffered by Mr. Carlson, the jury can make an award commensurate with the evidence.[18]  At this stage in the litigation, however, the amount of damage to the Blevins Property is disputed by the parties such that summary judgment is not appropriate.

> **B.** **SUMMARY JUDGMENT IS NOT APPROPRIATE ON THE TRESPASS TO CHATTELS AND CONVERSION CLAIMS BECAUSE THE TREES, ONCE CUT, CONSTITUTE PERSONAL PROPERTY**

The Metzgars next move for summary judgment on the Trespass to Chattels and Conversion claims on the basis that the trees are real, not personal, property.  The essence of the torts of trespass to chattels and conversion is "the interference with a right of personal property."[19]  The United States Supreme Court clarified that timber, once cut, constitutes personal property:

> While timber is standing, it constitutes a part of the realty, but on being severed from the soil, its character is changed and it becomes personalty, but such change does not affect title to the timber, but it continues as the property of the owner of the land and can be pursued wherever carried, and all remedies are open to the owner which the law affords in other cases of the wrongful removal or conversion of personal property.[20]

Here, the Complaint states that the Metzgars cut down trees on the Blevins Property and kept the timber for their own use.[21]  The Complaint further alleges that the Metzgars' actions damaged the trees and ultimately deprived the Blevins of the use of their trees.  While the trees may have been real property at one time, the moment the Metzgars cut the trees from the soil, the trees became the Blevins' personal property.  Therefore, summary judgment is not appropriate on the Trespass to Chattels and the Conversion claims under the theory advanced by the Metzgars.

---

[18] *Farny*, 391 A.2d at 214.
[19] *Int'l. Bus. Mach. Corp. v. Comdisco, Inc.*, 1991 WL 269965, at *14 (Del. Super. Dec. 4, 1991).
[20] *Schulenberg v. Harriman*, 88 U.S. 44, 46 (U.S. 1874).
[21] Compl. ¶¶ 5–6.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is

**DENIED.**

Dated: June 8, 2017
Wilmington, Delaware


/s/ Eric M. Davis
Eric M. Davis, Judge