IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HYETT'S CORNER, LLC, | § | |
| | § | No. 16, 2023 |
| | § | |
| Defendant-Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N19L-06-090 |
| PEARCE & MORETTO, INC., | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: September 27, 2023
Decided: October 24, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

This 24th day of October, 2023, after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  Hyett's Corner, LLC, a Delaware limited liability company, appeals a Superior Court bench verdict[1] resolving a construction contract dispute. Pearce & Moretto, Inc., a Delaware corporation, worked for Hyett's Corner from approximately 2013 to 2019 on a residential-subdivision development project called "Windsor South." Hyett's Corner, as the project's developer, hired Pearce &

---

[1] *Pearce & Moretto, Inc. v. Hyett's Corner, LLC*, C.A. No. N19L-06-090, 2022 WL 17986631 (Del. Super. Dec. 22, 2022).

Moretto to perform a wide range of work, including site excavation, site development, and earthmoving work. When Hyett's Corner failed to pay certain of Pearce & Moretto's invoices, Pearce & Moretto sued Hyett's Corner, asserting mechanic's-lien, breach-of-contract, unjust-enrichment, and Building Payment Act claims. In its complaint, Pearce & Moretto sought to recover $38,870.

(2)     Hyett's Corner counterclaimed, alleging breach of contract, negligence, breach of implied warranty, conversion, and trover. In its counterclaim, Hyett's Corner contended that Pearce & Moretto owed it about $1.292 million both for certain remedial work and for the misapplication of topsoil that was Hyett's Corner's property. Pearce & Moretto's principal defense to the counterclaim was that the parties' contract allowed for excess topsoil to be buried on site in borrow pits. By contrast, Hyett's Corner alleged that removal, or, in the alternative, burial, of the topsoil amounted to theft.[2]

(3)     In its verdict following a three-day bench trial, the court afforded some relief to both parties—the court found that Pearce & Moretto proved that its unpaid balance was due, while Hyett's Corner proved that some of its requested remedial

---

[2] App. to Answering Br. at B117, B120–21 (counterclaim alleges removal and sale of topsoil to third parties as the core of its conversion and trover claims); Opening Br. at 43 (as an alternative argument, Pearce & Moretto's alleged burial of topsoil contravened the approved contract plans). The court rejected the "wholesale removal of topsoil theory" and found sufficient evidence to conclude that the topsoil was permissibly buried on site. *Pearce & Moretto*, 2022 WL 17986631, at *2–3.

work, which was necessitated by Pearce & Moretto's failure to properly spread topsoil, was warranted.

(4)     Hyett's Corner charges the Superior Court with six errors: (i) failing to consider the deposition testimony of a witness, David Murphy, who was unable to appear at trial but whose deposition testimony was relevant to the controversy, (ii) allowing photos into evidence without applying the Superior Court Rule 16(e) manifest-injustice test, (iii) deeming that spreadsheets, which referred to borrow pits and which were submitted with the initial bid, were part of the contract, (iv) denying the conversion and trover claims, (v) granting Pearce & Moretto an award based on dismissed mechanic's liens, and (vi) incorrectly calculating Hyett's Corner's award.[3] Of these claims, only the sixth has merit.

(5)     First, we reject the premise—that the trial judge failed to consider the David Murphy deposition testimony—of Hyett's Corner's first argument. Hyett's Corner bases its contention on the court's omission of Murphy's name from the list of trial witnesses in its verdict. But the court's list of witnesses appears to list only those "who [were] called…to the witness stand."[4] Previously, moreover, at a pretrial conference, the trial judge made it clear that, absent an objection, if Hyett's Corner

---

[3] Opening Br. at 5–6.
[4] *Pearce & Moretto*, 2022 WL 17986631, at *1.

were to submit the Murphy transcript, the court would consider it.[5] Hyett's Corner submitted the Murphy deposition transcript as Defendant's Trial Exhibit No. 4.[6] Based on this record, we cannot accept Hyett's Corner's inference that the trial judge did not do what he said he would do.

(6) Second, Hyett's Corner claims that the Superior Court erred when it considered photographs offered by Pearce & Moretto that were not identified in a pretrial stipulation signed by the parties in February 2022.[7] Hyett's Corner contends that the court's consideration of the photographs amounted to a modification of the pretrial stipulation and that, under Superior Court Rule 16(e), the stipulation could be modified "only to prevent manifest injustice."[8] The court's failure to apply this standard, according to Hyett's Corner, was reversible error.[9] We disagree.[10] Hyett's Corner's argument fails to account for the fact that Rule 16(e)'s manifest-injustice test applies to final pretrial *orders* and that the February pretrial stipulation was never entered as an order of the court.[11]

---

[5] *See* App. to Opening Br. at A19, Dkt. No. 103 at 22 ("If the parties don't object, you can simply submit it and I can read it. If somebody objects to that process, you can put somebody on to read.") (Nov. 14, 2022 transcript).

[6] Opening Br. at 19.

[7] *Id.* at 25–27.

[8] *See id.*

[9] *Id.*

[10] *Phelps v. West*, 193 A.3d 717, 2018 WL 3934946, at *7 (Del. Aug. 16, 2018) (TABLE) (reviewing decision to admit certain evidence under abuse of discretion).

[11] *Pearce & Moretto, Inc. v. Hyett's Corner, LLC*, C.A. No. N19L-06-090, 2022 WL 16921748, at *2 (Del. Super. Nov. 10, 2022); Super. Ct. Civ. R. 16(e).

(7)     Third, we see no clear error in the finding that the parties intended to be bound by the spreadsheets.[12]  The court examined the documentary record and heard testimony from the parties who negotiated, executed, and carried out the contract.  Sufficient evidence, including the testimony of each of the parties' project managers, supports the trial court's finding.[13]

(8)     Fourth, reviewing Hyett's Corner's trover and conversion claims *de novo*,[14] we agree with the Superior Court that they fail: they assume that Pearce & Moretto was not authorized to use borrow pits to deposit valuable topsoil, but the spreadsheets, part of the contract, show otherwise.[15]  Featuring line-item pricing, the spreadsheets call for borrow pits—places where excess topsoil can be buried—on three separate pages.[16]

(9)     Fifth, we agree that the court erred[17] in clothing Pearce & Moretto's $38,870 award in the language of a mechanic's lien, but this error was harmless.[18]

---

[12] *Pearce & Moretto*, 2022 WL 17986631, at *2.  In contract formation, whether the parties intended to be bound is a factual question reviewed for clear error.  *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1228–30 (Del. 2018).

[13] App. to Answering Br. at B63, B71 (Farrar testimony); B20, B25 (Julian testimony); *Pearce & Moretto*, 2022 WL 17986631, at *2 (review of contract bid letter and spreadsheets); *Poliak v. Keyser*, 65 A.3d 617, 2013 WL 1897638, at *2 (Del. May 6, 2013) (TABLE) (factfinder can choose between two permissible views of evidence).

[14] *Eagle Force*, 187 A.3d at 1228.

[15] App. to Answering Br. at B43–45, B49, B51, B53.

[16] *Id.* at B49, B51, B53.  *See also id.* at B23 (Julian testimony).

[17] Legal determinations are reviewed *de novo*.  *Eagle Force*, 187 A.3d at 1228.

[18] *See Sears, Roebuck & Co. v. Facciolo*, 320 A.2d 347, 350 (Del. 1974) (harmless error insufficient for reversal).

The court did dismiss the mechanic's lien claims several years earlier,[19] but because Pearce & Moretto met its burden as to its damages[20] under its two live claims—breach of contract and unjust enrichment—either one of which supported the award in this same amount,[21] any error on this point is harmless.

(10)   Finally, we agree with Hyett's Corner that part of the $27,788.64 award to Hyett's Corner was incorrectly calculated.[22]  For Hyett's Corner's proved claim, the court, relying on the parties' contract and Hyett's Corner's expert's report, held that

> [Hyett's Corner's] expert indicated to resolve this issue 5016 cubic yards of topsoil would be needed.  Using the contract unit cost for this soil of $4.04 per cubic yard, the Court will award $20,264.64 to [Hyett's Corner] to bring these areas into compliance.  There is also a need to seed and cover the area at a unit price of $1.50 per cubic yard (provided by [Hyett's Corner's] expert) which would add an additional $7,524.00.  As a result, the Court awards the damages to [Hyett's Corner] in the amount of $27,788.64.[23]

The court's consideration and rejection of the report's full $262,468.50 remediation figure, an amount that Hyett's Corner says it is due,[24] was within the court's sound

---

[19] *Pearce & Moretto, Inc. v. Hyetts Corner, LLC,* C.A. No. N19L-06-090, 2020 WL 532748, at *1, 4 (Del. Super. Jan. 31, 2020) (dismissing for failure to provide land description under statute).
[20] *Pearce & Moretto*, 2022 WL 17986631, at *2.
[21] *See* App. to Answering Br. at B90 (breach of contract: $38,870); *id.* at B90–91 (quantum meruit/unjust enrichment: $38,870).
[22] Partly due to factual mistakes, which we review for clear error.  *Eagle Force*, 187 A.3d at 1228.
[23] *Pearce & Moretto*, 2022 WL 17986631, at *4.
[24] *See* Opening Br. at 31, 33; Reply Br. at 15; App. to Opening Br. at A402.

discretion.[25]  For its award regarding the needed topsoil, the court multiplied a contract price by the report's area figure,[26] which is a reasonable outcome.[27]  Hence, this award stands.

(11)   In the second seeding and mulching award, however, the court deviated from its first approach.  The size of the area to be covered by this award is different from the size of the first area,[28] and the court clearly erred in assuming they were the same.[29]  And in an apparent transcription error, the court stated that it was drawing the price, per *square* yard, from the report, but wrote per *cubic* yard.[30]  The first award—the award for the needed topsoil—of $20,264.64 is reasonable; the second—the seeding and mulching award—because of its inconsistency and errors, is not.  The second award must be recalculated by multiplying the relevant contract price and its proper unit measure ($0.26 per square yard)[31] with the proper area

---

[25] By hearing testimony and examining evidence, the court implicitly concluded that Hyett's Corner's request to carry out fulsome remedial activities was not warranted.  *See Siga Technologies, Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1130 (Del. 2015) (damages awards reviewed for abuse of discretion).

[26] *Pearce & Moretto*, 2022 WL 17986631, at *4.

[27] In a contract-construction action, reasonableness underlies the measure of damages.  *See Farny v. Bestfield Builders, Inc.*, 391 A.2d 212, 214 (Del. Super. June 26, 1978).

[28] App. to Opening Br. at A400, A402; *id.* at A18 (Dkt. No. 100 at 11) (the 5.12 acres, the No-Work-LOD (or 5016 cubic yards), are a subset of the 9.17 acres, the entire open space (or 44,383 square yards)).

[29] *Pearce & Moretto*, 2022 WL 17986631, at *4.

[30] *Compare Pearce & Moretto*, 2022 WL 17986631, at *4 *with* App. to Opening Br. at A402.

[31] App. to Answering Br. at B48, B50, B53 (listing "0.26 /sy" under "Seed and Straw Mulch").

(44,383 square yards),[32] which yields $11,539.58. This brings the total of both awards in Hyett's Corner's favor to $31,804.22.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED IN PART and REVERSED IN PART. We remand to the Superior Court for the entry of a corrected judgment consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[32] App. to Opening Br. at A402 (listing 44,383 square yards).